## Cassitys *vs* Robinson.

ERROR TO THE BATH CIRCUIT.

*Covenants.   Joint obligors.   Evidence.*

JUDGE BRECK delivered the opinion of the Court.

In March, 1844, George Cassity and George Robinson entered into a written contract, by which the former stipulated for the delivery of a specified quantity of tan bark by the last of October following, and also to furnish Robinson by the 15th of February following, a boat of a particular description.

Robinson on his part agreed to pay for the bark two dollars and twenty five cents per cord, and one dollar and seventy five cents per foot for the boat, one half to be paid in trade during the following spring and summer, and the other half in cash, upon the delivery of the bark and boat.

The writing also contains the following provision:— "Said Cassity agrees to give his brother Hiram Cassity, of Nicholas county, as security for the fulfilment of the contract on his part.   And said Robinson is to give Joel Howard, of Carlisle, as security for the fulfilment of the contract on his part." Upon this writing Robinson brought this action of covenant against George and Hiram Cassity, alledging a failure to deliver the bark and furnish the boat, and to perform other stipulations in the writing, by the defendants, incumbent on them to perform.

The defendant, Hiram, filed a demurrer to the declaration, and four pleas. The demurrer was overruled, and demurrers by the plaintiff to each of the four pleas sustained.

The defendants then filed a fifth plea, of covenants performed; and the case and facts having been submitted to the Court, and a judgment rendered for the plaintiff, the defendants have appealed to this Court.

CASSITYS
vs
ROBINSON.

A. signed a covenant in which he promises that B. shall sign as, or be his security for its performance; B. afterwards signs the covenant—Held that B. was a co-obligor, and liable to suit as joint covenanter with A.

The sufficiency of the declaration presents the first enquiry.

After setting out the writing in *haec verba*, the plaintiff avers that he did give Joel Howard as security for the fulfilment of the contract on his part; and that the defendant, George, gave the defendant, Hiram, as security for the fulfilment of the contract on his part; and that said Hiram signed said article of agreement with his own proper hand and seal, and became an obligor therein, with said George, to the plaintiff.

The first objection is, that the plaintiff could not maintain his action upon the covenant against the defendant, Hiram; but this objection, we think, is not well taken. In view of the provision, or stipulation in the covenant, that the said George was to give his brother Hiram as security for the fulfilment of his part of the contract, and the alledged fact, that he did give him as security, and that the covenant had been signed by him, he may well be regarded as a co-obligor with the said George, to the plaintiff, and subject, with him, to an action for the failure to perform it. The case of *Dills, &c.* vs *Dougherty*, (6 *Dana*, 255,) differs from this in a very important particular. In that case the Court say, the signature of the persons proposed as sureties to the original instrument, would have availed nothing, without an alteration or addition to it. Their names were not in the body of the instrument, nor could its stipulations have been made to apply to them. In this case, it is provided in the body of the covenant, that Hiram Cassity is to be procured as the surety of George, for its performance on his part. When the signature of Hiram is found, therefore, to the instrument, his character in reference to it cannot be mistaken. His attitude is defined by the instrument itself. It is not necessary to look out of it to enable us to determine that he signed as surety for the obligor, George. This is the obvious conclusion from the body of the instrument, and it is equally clear that such was his intention, and also the intention of the other parties concerned. It is true, the terms of the instrument do not directly and expressly apply to him; but as it is manifest he signed it as the surety of George,

he should occupy the attitude of a co-obligor, and not of a separate guarantor, and be held jointly liable with him for the fulfilment of the covenant on his part. This position is sustained by the case of *Elkin and Perry* vs *Moore*, (6 *B. Monroe*, 462.)

2. It is contended that the undertaking by Robinson to give Joel Howard, of Carlisle, as security for the performance of the contract on his part, was a condition precedent to the performance by Cassity, and that to entitle him to maintain his action, he should show that he had complied with that stipulation. This proposition is undoubtedly correct. The parties were unwilling to trust each other, and each stipulated for security. Neither, therefore, was bound to perform till the other had given the stipulated security.

The plaintiff alledges that he did give Joel Howard as security for the fulfilment of the contract upon his part; but how or when, he does not aver, nor does it appear. The covenant is not in this record, except so far as it is set out in the declaration; and in doing that, the signatures to it are omitted. The declaration is, therefore, defective in not averring the time and mode of giving Howard as security, so that it might appear whether it was within a reasonable time after the execution of the covenant, and whether he had become so bound as to render him legally liable to Cassity for its performance on the part of the plaintiff. It should also have been averred that it was Joel Howard, of Carlisle, whom he had given as security.

The plaintiff avers that he had paid upon the contract about $200, and the question is presented, whether he is entitled to recover in this action for such payments, or to the extent that he had performed the covenant on his part. Of the liability of the defendant, George, we apprehend there can be no question, and as the defendant, Hiram, signed the covenant as surety for its performance on the part of George, he became thereby a joint obligor, and should also be held responsible.

But for saddlery and other articles furnished the defendant, George, exceeding the amount to be paid by the plaintiff in that way, he is not entitled to recover in

*Margin notes:*

CASSITYS
*vs*
ROBINSON.

A. and B. entered into a contract containing mutual covenants, in which each covenanted to give certain individuals as their sureties for performance.—— Held that the covenant was conditional, not obligatory upon either until the sureties had executed it; and in a suit by one against the other and his surety, it is necessary to aver that his had executed the covenant also, and in a reasonable time from the date of the contract, and that he was also legally bound with him for performance.

this action, nor can he recover for any payments of that kind, made after the time when the bark was to be delivered by the defendant, George.

Finally, it is objected that the admissions by the defendant, George, as to the amount paid him by the plaintiff upon the contract, were not competent against the defendant, Hiram, and this we are inclined to consider a valid objection, so far as the admissions were made after the breach of the covenant on the part of the said George. The defendant, Hiram, was a mere surety for his co-defendant, without any interest whatever in the contract.

*The admissions of a principal as to his liability to a plaintiff, made after a breach of his contract, are not competent evidence against his surety.*

Wherefore, the judgment is reversed, and the cause remanded, that the demurrer to the declaration may be sustained, and for further proceedings consistent with this opinion.

*Peters and Hazlerigg* for plaintiffs; *Apperson and Rand* for defendant.