*Pilcher* for plaintiff; *Fry & Page* for defendants.

COMMONWEALTH
*vs*
BRASSFIELD.

---

## Commonwealth, for Russell *vs* Brassfield.

ERROR TO THE ROCKCASTLE CIRCUIT.

*Evidence. Surety and principal.*

JUDGE BRECK delivered the opinion of the Court.

COVENANT.

*Case* 116.

*July* 26.

THIS was an action upon the official bond of a Constable against him and his surety, and the main question is, whether the admissions of the former, made nearly three years after the expiration of his office, in regard to the collection of money by him while in office, for the plaintiff or relator, was competent testimony against the surety. We think it was not.

The general doctrine is, that the declaration of the principal, made subsequent to the act to which they relate, and out of the course of his official duty, are not admissible as evidence against the surety.

Thus it has been held, that if one becomes surety in a bond, conditioned for the faithful conduct of another, as Clerk or Collector, confessions of embezzlement, made by the principal after his dismissal, are not admissible in evidence in an action on the bond against the surety: *(Greenleaf on Evidence*, 219.) So also it was held that the admissions of one partner after dissolution, is incompetent to render liable the other partner.

The confessions of a principal officer made long after his term of office has expired, are not evidence against his sureties in a suit on the official bond: *Greenleaf on Ev.* 219.

The objection to the form in which the instruction upon this point was given, is not considered valid. The transcript from the record of the Justice, shows that certain executions issued in favor of the relator, and that some of them were returned satisfied. But it does not show that those executions went into the hands of Brassfield, as Constable or otherwise, or that the returns were made by him; nor is there any evidence in the record upon this point, except the fact that the judgments upon

which the executions issued, appear to have been render-ed upon claims placed in Brassfield's hands by the rela-tor for collection.   From that fact the jury might have in-ferred that Brassfield received the executions and made the returns.   But it was not sufficient ground for a new trial, that the jury did not so infer.

Perceiving no error in the record to the prejudice of the plaintiff, it is therefore, affirmed.

*Herndon* for plaintiff; *Caperton* for defendant.