W. T. SAMUELS, ET AL., *v.* COMMONWEALTH.

**Suit on Auditor's Bond—Evidence not Admissible.**
    When in a suit against the sureties on an officer's bond it is sought
    to hold them liable with their principal, the acts of the principal con-
    stituting the breach of his bond must be shown, and not what the prin-
    cipal said in reference thereto long after the alleged breach, such state-
    ments of the principal are not admissible as evidence against the sure-
    ties.

APPEAL FROM FRANKLIN CIRCUIT COURT.

October 17, 1876.

OPINION BY JUDGE PRYOR:

The objection made to the petition by counsel for the appellants
is purely technical. It is alleged that Samuels failed to discharge
his duties as auditor of the commonwealth, and the office held by
him being that of auditor of public accounts it is maintained that
the breach of his official bond was improperly assigned.

The word "auditor," in the sense in which it is generally used,
means one who keeps or is authorized to examine accounts, and an
auditor of a state is the auditor of public accounts. Much of the
testimony in the case, however, was incompetent as against the
sureties. The declarations of Samuels made long after the alleged
breach of duty occurred should have been excluded. The
appellee is seeking to make the sureties liable with Samuels,
and in order to fix this responsibility the accounts constituting the
breach of his bond must be shown, and not what Samuels said in
reference to his action. The surety is bound for his action. The
surety is bound for the actual conduct of the principal, and his
declarations made during the transaction of the business, for the
performance of which the sureties are responsible, would be compe-
tent as against the surety, but statements made after the alleged
breach by the principal as to what he had done in the attempt to dis-
charge the duties of his office, or in violating his official obligation,
should not be permitted to go to the jury.

Therefore the testimony of Brown as to the conversations with
Samuels after the transaction took place, was incompetent. *Cassitys
v. Robinson,* 8 B. Mon. 279; *Commonwealth for Russell v. Brass-
field,* 7 B. Mon. 447; Greenleaf, 187. Nor was the statement by
Brown that he had arrived at the conclusion, in part from an ex-
amination of the books in the auditor's office competent as against
Samuels. He was not a clerk in the auditor's office and is not pre-

12

sumed to know what transpired in that office. The books themselves, or certified copies of the entries, must be produced in order to show what the books contain. The clerk in whose custody the books are, or whose duty it was to make the entries, would be competent to state that no such entry or credit was in it. This should be done with the book or a certified copy of the accounts before him. The objection to the instructions arising from the admission of this incompetent testimony it is not necessary to notice thereon. The insolvency of Brown cannot affect Samuel's liability, and the proof on the subject should have been excluded. For the errors indicated the judgment is *reversed* and cause remanded with directions to award the appellants a new trial and for further proceedings consistent with the opinion.

Judge Cofer not sitting.

*W. P. D. Bush, for appellants. Moss, for appellee.*

