Andis *v.* Personett.

No. 12,447.

ANDIS *v.* PERSONETT.

LEASE.—*Execution of Note for Rent.*—*Condition Precedent to Right of Posses-sion.*--*"Good and Approved Freehold Surety," Meaning of.*—A farm ·lease, executed in August, stipulated that the lessee was to have immediate possession for the purpose of sowing wheat, and full possession of the ·whole farm on December 25th, the lessor in the meantime to make cer-tain repairs. The lessee was to execute his note, due at the end of the term, for the amount of the rent, bearing interest from December 25th, "with good and approved freehold surety." Action begun October 1st by the lessee to recover damages for a breach of the lease.

*Held,* that the execution of the note was not a condition precedent to a partial possession for wheat sowing, but only a condition precedent to full possession, and, it having been executed prior to the filing of the complaint, no rights of the lessee were forfeited.

*Held,* also, that the provision for "good and approved freehold surety" did not give the lessor the right to arbitrarily reject any note tendered, but it should be construed to mean "good freehold surety worthy of approval."

INSTRUCTION TO JURY.—*Harmless Error.*— A judgment will not be re-versed on account of an erroneous instruction which is harmless.

BILL OF EXCEPTIONS.— *Time of Filing.*—Where a bill of exceptions is neither presented to the judge nor filed within the time given, it is not, under sections 629 and 1849, R. S. 1881, a part of the record.

From the Hancock Circuit Court.

*J. L. Mason, J. H. Mellett* and *R. Williamson,* for appel-lant.

*J. A. New* and *J. W. Jones,* for appellee.

NIBLACK, J.—On the 18th day of August, 1884, Morgan Andis and Amos M. Personett entered into the following ·agreement in writing:

" This lease, made and entered into by and between Mor-gan Andis, of the first part, and Amos M. Personett, of the second part, witnesseth that the said Morgan Andis has this ·day leased and rented, and to farm let unto said Personett, ·the farm on which the said Andis now resides, in Brandywine ·township, Hancock county, Indiana, containing about one ·hundred and fifty (150) acres. Said Personett is to have

the possession of said farm at once for the purpose of sowing wheat on the same this fall, and is to have full possession of all of said farm from the 25th day of December, 1884, until the 25th day of December, 1885. The clover that is now on said farm is not to be plowed up by said Personett, but is to be fenced off by said Andis, in good order, so as the said Personett can pasture the same next summer, and said Andis is to raise and repair the culvert across the pike near the grave-yard, so that stock can pass under the same, back and forth to water. Said Andis is to deliver the possession of said farm to said Personett on the 25th day of December, 1884, with a dwelling-house, and the fencing on said farm in good repair, and the same is to be kept in good repair, and delivered up to said Andis in good repair at the expiration of the said lease by the said Personett, natural wear and tear excepted. Said Andis to repair the barn, to fix the floor and wheat-bin and corn-crib in the same, and fix a way to feed stock from the upper floor of said barn to the lower floor of the same. Said Personett is to have the stalk-field pasture on said farm in the fall of 1884, and said Andis to have the said stalk-field pasture on said farm in the fall of 1885. The said Personett is to have the right to pasture the stubble-field on said farm in the fall of 1885, in a reasonable manner, until the first day of September, 1885, that may be in clover, and the remainder, if any, as long as he sees fit, and said Personett is to have the right to use firewood, for his own use, as long as he occupies said farm, as the tenant of said Andis, out of the waste or dead timber not fit for saw or rail timber. Said Personett is not to have the right to pasture the door-yard or orchard on said farm. The said Personett agrees to pay said Andis, as rent for said farm, the sum of five hundred dollars, and to execute his note for said amount, due on the 25th day of December, 1885, bearing interest at eight per cent. from the 25th day of December, 1884, with good and approved freehold surety. Should said Personett fail or refuse to perform the said con-

tract in regard to the execution of said note, he shall forfeit all of his right to the possession of said farm."

On the 1st day of October, 1884, Personett filed his complaint in the court below, founded upon the foregoing lease, in which he averred that he had executed a note to Andis for the sum of $500, with interest at the rate of eight per cent., conformably in all respects to his agreement to execute a note in that sum, bearing date the 6th day of September, 1884, and procured one Daniel Snider to sign the same as surety thereon; that said Snider was at the time, and has since continued to be, the owner of real estate, in Hancock and Madison counties, in this State, of the value of $20,-000, and free from every encumbrance whatever; that the said Snider was worth, over and above all his indebtedness, the sum of $20,000; that after said note was so executed he, Personett, tendered the same to Andis, who refused to either receive or accept such note, "without cause;" that he, the said Personett, at the time of tendering said note, and at divers times thereafter, demanded from the said Andis, possession of so much of the farm as was necessary to enable him to sow wheat, as was provided by the lease he might do in the autumn of 1884, but that the said Andis had refused at all times to permit him, the said Personett, to take possession of, or to have access to any part of the farm, and had absolutely refused to allow him to sow wheat thereon. Upon these and other facts charged, both general and special damages were demanded.

At the succeeding October term of the court below, a demurrer to the complaint was overruled, and a trial resulted in a verdict and judgment for Personett, the plaintiff.

Error is assigned upon the overruling of the demurrer to the complaint, and upon the denial of a motion for a new trial, which was, at the proper time, interposed.

As against the sufficiency of the complaint, it is urged that as no time was specified within which Personett was to execute a note to Andis for the rent of the farm, it was requisite

.that such a note should be executed within a reasonable time; that what was a reasonable time, under the circumstances, was a question of law for the court; that, therefore, the pre-.cise time at which the note prepared by Personett was executed and tendered ought to have been alleged in the complaint; that, conceding that the note was executed and tendered on the day on which it bore date, which did not by any means follow, such execution and tender were not within a reasonable time, since the ordinary time for the preparation for sowing wheat that season had already expired.

As we construe the lease, the execution of a note for the rent was not a condition precedent to Personett's right to a partial possession of the farm for the purpose of sowing wheat. For that purpose he was to have possession " at once," while all the other agreements and stipulations of the lease were of a character which required some intervening time for their performance.

There was a reason for not requiring the execution of the note to be a condition precedent to the right to sow wheat, as Andis did not bind himself to give full possession of the farm until the 25th day of December following, and as the .sowing of a part of the farm in wheat, in the meantime, by the labor and means of Personett was not likely to entail any loss upon Andis, Andis evidently had until the 25th day of December, 1884, in which to complete the repairs which he agreed to make, and the inference is plain that all the provisions of the lease were not to go into full effect until that day.

This inference leads us to hold that the execution of a note for the rent by Personett was only a condition precedent to his right to full possession of the farm on said 25th day of December, 1884, and that he was not absolutely required to .execute such a note previous to that time. As has been seen, the note was not to begin to bear interest until that day, and hence it was not to become a profitable security until the time fixed for interest to begin. This fact strengthens our con-

clusion as to the length of time allowed to Personett in which to execute the note.

The further inference from the averments of the complaint is, that the note was executed and tendered previous to the time at which the complaint was filed; and we regard that as having been in ample time to prevent a forfeiture of any of Personett's rights to possession under the lease.

It is further urged that the provision of the lease which obligated Personett to procure a " good and approved free-hold surety" to sign the note with him, conferred upon Andis the right, as he might see fit, to approve or disapprove any person who may have been offered as surety under that provision, and that hence Andis had the right to reject any note tendered by Personett on which the surety was, for any cause, unacceptable to him.    We are unable to agree to such a con-struction of the lease.    The word "approve" has several shades of meaning.    One of the definitions which Webster gives of it is, " to make or show to be worthy of approba-tion or acceptance, to commend," and it is in that sense we construe the word as it was used in connection with the surety which was to be furnished by Personett.    The phraseology used in the provision in question was equivalent to saying that Personett should execute a note, with " good freehold surety worthy of approval."    In view of the nature of the transaction as evinced by the entire lease, any less liberal construction than this would scarcely seem reasonable, and might have been made to work great injustice to Personett. We consequently see no objection to the substantial suffi-ciency of the complaint.

At the trial the circuit court instructed the jury that whether the note was tendered within a reasonable time, was a ques-tion of fact for their determination under all the circum-stances of the case in evidence before them, and it is still further urged that the circuit court erred in so instructing the jury, upon the ground that such reasonableness of time was a question of law for the court, and hence not one of fact for

Andis *v.* Personett.

the jury. But whether this objection to the instruction is or is not well taken, as an abstract proposition, we need not inquire, since the jury must have come to the conclusion that the note was tendered within a reasonable time, and as, for the reasons already given, we consider the conclusion thus reached as a correct conclusion, Andis has, in any event, no reason to complain of any material injury as resulting from the instruction. In such a case a judgment ought not to be reversed on account of an instruction which may have been abstractly erroneous. *Roots* v. *Tyner,* 10 Ind. 87; *Rollins* v. *State,* 62 Ind. 46; *Ricketts* v. *Harvey,* 106 Ind. 564.

Some questions upon the evidence are suggested in argument, but in response to these objections the point is made that the bill of exceptions, purporting to contain the evidence, is not properly in the record, and that the evidence is, in legal contemplation, not before us.

On the 7th day of November, 1884, sixty days time was given within which to prepare and file a bill of exceptions in the cause, and the transcript shows that the bill of exceptions, purporting to contain the evidence, was not presented to the judge for his signature until the 7th day of January, 1885, and that it was not filed until the 14th day of that month. The bill of exceptions was, therefore, neither presented to the judge nor filed in time, and hence is not a part of the record. R. S. 1881, sections 629 and 1849; *Corbin* v. *Ketcham,* 87 Ind. 138; *LaRose* v. *Logansport Nat'l Bank,* 102 Ind. 332; *Shulse* v. *McWilliams,* 104 Ind. 512; *Robinson* v. *Anderson,* 106 Ind. 152.

The judgment is affirmed, with costs.

Filed Nov. 16, 1886.