### JONATHAN HAMILTON V. SCOTT BONHAM.

**1. ADMINISTRATORS—SALE OF PERSONALTY—PAYMENT.**

Where credit is offered to prospective purchasers at a sale of personalty belonging to an intestate, the administrator cannot arbitrarily and at his pleasure reject notes tendered to him upon which are the names of sureties who have all the qualifications required by the statutes; but if his decision as to the qualifications of the sureties is made in good faith and with due caution, it should stand.

**2. SAME—ERROR IN REFUSING TESTIMONY.**

In a suit by the purchaser for the possession of property thus offered for sale, it is error for the trial court to refuse testimony tending to show that the sureties had all the qualifications required by the statutes.

**3. QUESTION FOR THE JURY.**

Whether the property was actually struck off to the intended purchaser, is a question for the jury.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

The original action was one in replevin, brought by Hamilton against Bonham, to recover the possession of certain articles of personal property of which plaintiff alleged that he was the owner, and that he was entitled to the immediate possession of the same, but that the defendant unlawfully kept him out of the possession thereof. All of these allegations were denied by the defendant.

The ground upon which the plaintiff based his right to recovery was this: Mr. Bonham was the administrator of the person who at his death was the owner of the goods in question. He, as such administrator, advertised to sell them at public sale. The advertised terms were that the purchaser of property on sales of $3 and upwards was to have a credit for nine months on the purchaser giving notes with two good sureties. At such sale the plaintiff was the highest bidder, having bid for the goods a lump sum of $3,500. The evidence of one witness for plaintiff (perhaps the plaintiff himself) was that the same were struck off to him by Mr. Bonham at his bid. Mr. Bonham, who was called by the plaintiff as a witness for him, testified that he accepted the bid on the condition that the plaintiff would furnish him security as he required, and if so the sale would be satisfactory, and if not that he would proceed with the sale the next day. The plaintiff on the same day did tender notes in due form for the amount of his bid, signed by himself and four sureties, and those notes were delivered to Mr. Bonham, and taken by him for examination as to the sufficiency of the sureties; and not being satisfied therewith, the administrator notified the plaintiff that the sale was off, he not approving the security offered, after, as he testified, a careful examination made by him as to the financial condition of such sureties. Those notes still remain in the hands of the administrator, but there is no question but that he has always been willing to return them, and on one occasion, perhaps, sent them to the attorney of

Hamilton v. Bonham.

plaintiff, who at once returned them to him. The administrator refusing to deliver the goods to the plaintiff, he proceeded to replevy them.

On the issues raised by the pleadings the case was tried in the common pleas court, evidence having been submitted by both parties. At the conclusion of the testimony the jury was instructed by the court to return a verdict for the defendant, which was done, assessing the value of the goods at $6,823.24. To this action of the court the plaintiff excepted and filed a motion for a new trial, which was overruled by the court and judgment entered upon the verdict, to which exception was taken and a bill of exceptions allowed containing all of the evidence given, with exceptions to the rulings of the court as to the rejection of evidence and to the giving and refusing of certain charges, and plaintiff now seeks the reversal of the judgment for alleged error in those rulings.

The principal question presented in the case is this: Whether when the administrator of an estate, at a public sale of the goods of his intestate, strikes off property to the highest bidder, and such person in due time tenders to the administrator notes in due form for the purchase price, executed by the purchaser and at least two sureties qualified as provided in sec. 4953, Rev. Stat., the administrator has the absolute right to refuse such notes and decline to deliver the property so struck off to such person as the highest bidder.

It may be that in this case, as is claimed, that on the evidence it was not clear that the property in question was struck down to the plaintiff at his bid, and therefore that for this reason the court was authorized to instruct the jury to find for the defendant. But some of the evidence of the plaintiff was that the property was in fact struck off to plaintiff by the administrator, and though there was evidence which may have tended to contradict this, it was not for the court, in charging the jury or in instructing them to find for the defendant, to decide this disputed question of fact; but he should have submitted it to the jury for its decision, and if this was the only question in the case the judgment should be reversed on this ground.

As to the question of the absolute right of an administrator to decline notes so offered, and therefore rightly to put an end to any claim of the purchaser, we know of no decision in this state. The sections of the statutes which bear upon it are these: Sec. 6080, Rev. Stat., provides for the credit of nine months; and sec. 6082 provided that "notes or bonds with two or more approved sureties shall in all cases of sale on credit, be taken by the executor or administrator;" and sec. 6083 provides that the administrator shall not be responsible for any loss happening by the insolvency of the purchaser at such sale or his sureties if satisfactory evidence is adduced that the administrator has proceeded with due caution in taking security and has used due diligence to collect the notes or bonds; and sec. 4953 which provides as to the qualifications of sureties, in cases under part 3 of the revision is as follows: "Sureties must be residents of this state and worth in the aggregate double the sum to be secured, beyond the amount of their debts, and have property liable to execution in this state equal to the sum to be secured."

We think it is apparent from the bill of exceptions and the rulings of the court as therein set forth, that it proceeded upon the idea that the administrator had the absolute right to reject any notes or bonds tendered to him by the person to whom the goods were struck off, although the sureties thereon were two or more in number, residents of the state, hav-

ing in fact all of the qualifications required by the statute, and abundantly able to pay the amount of the purchase price, if he did not see proper to approve the notes so offered. This we think is apparent from the fact that while Mr. Bonham, the administrator, called as a witness by the plaintiff, was allowed on cross-examination to testify as to the efforts made by him to ascertain the financial condition of the sureties on the notes tendered and in fact delivered to him for the purchase price, and to show his diligence and good faith in doing so, yet the court refused to allow any other witness to testify as to the qualifications of the sureties thereon, though the plaintiff plainly and explicitly offered to prove that they had all the qualifications required by the statute, and that one of them was, at the time of the giving of said notes, the owner of real estate in Hamilton county, Ohio, subject to execution of the value of $45,000 over and above all of his liabilities, and that two other of said sureties were worth not less than $6,000 subject to execution.

We are of the opinion that unless the law confers upon the administrator the absolute right to reject notes so tendered, and without any reference to the question whether the rejection is in good faith or not, that the evidence so offered was improperly rejected by the court, for if the refusal to receive the notes offered must be in good faith, and not a mere arbitrary and unreasonable act of the administrator, such evidence was relevant and competent as tending to show not only that the sureties had all the qualifications required by law but a lack of good faith on the part of the administrator in refusing such qualified sureties.

The vital question then in the case is, whether the administrator can arbitrarily, and not in good faith, reject notes tendered to him, when the sureties in fact have all of the qualifications required by the statute. We think that such ought not to be, and is not the law. It is true that the use of the words "approved sureties" in sec. 6082, Rev. Stat., gives some color to this idea but we are of the opinion that the meaning of these words is to be ascertained by a reference to the language used in the other sections of the statute to which we have referred—that it was not intended to confer upon the administrator the power, at his pleasure to deprive the person to whom the goods were struck off of his right to the property, if he fully and clearly complied with the other provisions of the statute, for then he furnishes sureties approved by the law, and which should be approved by the administrator. Of course the law vests in the administrator the decision as to this, and if his decision is made in good faith and with due caution, we are of the opinion that his decision should stand. It may be noted here, however, that the advertisement of this sale did not notify the public that the sureties must be approved, but that "two good sureties will be taken." Whether this would make any difference in the result here it is unnecessary to discuss. We think this conclusion is sustained by the authorities cited by counsel for plaintiff in error, and we really find none in conflict with them. 94 Tenn., 534; 108 Ind., 202; 4 Sergeant & Raub (Pa.), 1; 20 Wendell (N. Y.), 435; 2 Cambpell (Eng.), 532.

Such in our judgment being the law on this point, it follows that the ruling of the court in refusing to allow the plaintiff to show, as he proposed to do, that the sureties were in all respects qualified and ought to have been accepted as satisfactory, was erroneous; particularly if it was of such a character as would have a tendency to show that in refusing it the administrator was not acting in good faith, as well might be the case if the evidence sought to be introduced, if true, would have shown

that these sureties offered were owners of real and personal property in this county subject to execution of over $50,000 in value over all their liabilities. For this reason the judgment must be reversed and a new trial awarded.

*Pogue & Pogue*, for plaintiff in error.

*Scott Bonham, John Gaivin* and *Drausin Wulsin,* for defendant in error.