## ARGUED AND DETERMINED

#### IN THE

## COURT OF APPEALS

#### OF

## MARYLAND.

JAMES, *et al.* Lessee, *vs.* BOYD.—June Term, 1826.

The lessor of the plaintiff in ejectment died pending the action, and his heirs at law were made parties in his place, without objection, and the cause continued several terms, and the plots amended—*Held,* that it was not competent for the defendant to defeat the action by giving evidence that one of the heirs was an infant when she was made a party; and that evidence that she was an infant at the time of the trial, would not entitle the defendant to a verdict against the other heirs who were of full age.

APPEAL from *Harford* County Court. Ejectment on the demise of *Isaac Henry,* for a tract of land called *Pleasant Plains.* The defendant, (the appellee,) took defence on warrant, and plots were returned. The death of *Isaac Henry,* the lessor of the plaintiff, was suggested; and *Sedwick James,* Junr. and *Elizabeth* his wife, *John Litton Henry, Samuel Henry, Robert Henry* and *Mary Henry,* claiming to be heirs at law and representatives of the said *Isaac Henry,* the lessor of the plaintiff, upon their prayer, were, by order of the court, admitted in the place and stead of said *Isaac Henry,* lessor as aforesaid, &c.

At the trial the defendant gave in evidence, that *Mary Henry,* one of the lessors of the plaintiff was, at the time she was made a party in the cause, an infant and under age; and thereupon prayed the court to direct the jury to find a verdict for the defendant. Which direction the Court, [*Hanson* and *Ward,* A. J.] thereupon gave. The plaintiff excepted; and

the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE and DORSEY, J.

*C. S. W. Dorsey* and *Gill*, for the Appellant, contended— 1. That under the act of assembly of 1785, *ch.* 80, *s.* 2, it is the duty of the court, in an action of ejectment, where a new party is made under a suggestion of death, if such new party be proved to be an infant, to continue such action, unless the defendant require the same to be abated.

2. That the *second* section of the above act does not apply to this case; and therefore the court below erred in the instruction given to the jury.

3. That the new parties were properly made under the *first* section of the above act.

4. That if a party, when appearing to an action of ejectment under this act, be an infant; yet if it does not appear that he was an infant when the jury was sworn, the court have no right either to continue or abate the suit under the *second* section of that law.

On the *first* point, they cited 1 *Bac. Ab.* tit. *Abatement,* 13. *Thurstout vs. Grey,* 2 *Stra.* 1056. *Kinney vs. Beverly,* 1 *Hen. & Munf.* 531. *Howard vs. Moale, et al. Lessee,* 2 *Harr. & Johns.* 249, 280, per *Nicholson,* J. 2 *Sellon's Pr.* 136.

On the *second* point—*Zouch vs. Parsons,* 3 *Burr.* 1806. *Runn. Eject.* 188. 3 *Com. Dig.* 548, *(New Ed.) Anonymous,* 1 *Wils.* 130. *Noke vs. Windham,* 1 *Stra.* 694. *Throgmorton vs. Smith,* 2 *Stra.* 932. *Anonymous,* 1 *Cowp.* 128.

On the *third* point—*Shivers vs. Wilson,* 5 *Harr. & Johns.* 130.

On the *fourth* point—3 *Com. Dig.* 551. *Foxurst vs. Tremaine,* 3 *Saund.* 213.

*Speed,* for the Appellee cited *Co. Litt.* 135, b. (note 1.) Stat. *West.* 1. The act of 1785, *ch.* 80. *Motteux vs. St Aubin,* 2 *W. Blk.* 1133. *Pechey vs. Harrison,* 1 *Ld. Raym.* 232; and the act of 1801, *ch.* 74, *s.* 38.

The opinion of the Court was delivered by

EARLE, J.   *Isaac Henry*, the lessor of the plaintiff in this case, died pending the action, and his heirs at law were made parties in his place, without objection on the part of the defendant.   The cause was continued for several terms after, and the plots filed therein underwent alterations and amendments. At the trial the defendant, by a witness, proved, that *Mary Henry*, one of the heirs, at the time she was made a party, was an infant and under age; and by his counsel he then moved the court to direct the jury to find a verdict for him; which direction the court accordingly gave.   This direction is now complained of, and there does not rest, on our minds, a particle of doubt, that it was erroneous.   To arrive at this conclusion it is not necessary to examine the question so much pressed on the argument, whether at common law an ejectment abates by the death of the lessor of the plaintiff; nor need we enquire whether an infant lessor must prosecute an ejectment by attorney, or next friend; it is enough for us to know, that the testimony of the defendant had no bearing upon the issue joined between the parties, was calculated to operate a complete surprise upon the plaintiff, and did not answer the purpose for which it was introduced; that is to say, did not prove the suit prosecuted by a party who was incompetent, from nonage, to prosecute it.   Whatever *Mary Henry's* age might have been when she was made a party to the suit, it is not established by evidence, that she was an infant at the time of the trial.   As her age, when she appeared as one of the heirs of her ancestor, is unascertained, it is as fair to conclude, that she arrived at full age before the trial, as that she remained a minor until that period.   But if it was conceded, that *Mary Henry* was an infant at the time of the trial, ought the court, for that reason, to have directed the jury to find for the defendant, not only against such infant, but against the other new lessors of the plaintiff who were of full age?   The court are acquainted with no principle of law to sanction such a decision, and therefore must reverse the judgment.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.