# MARYLAND REPORTS.

RACHEL A. TISE, by her next friend, GEORGE TISE, and others *vs.* ZACHARIAH SHAW, Guardian of MARY D. PARKER, and others.

*Statutory construction—Sec. 1 of Art. 2, and Sec. 40, of Art. 75 of the Code—Ejectment—Continuance of Action until Infant arrives at Full age.*

Section 1 of Article 2 of the Code provides that "no action of ejectment, waste, partition," &c., "shall abate by the death of either or any of the parties to such action." Section 40 of Article 75, provides that, "where a party in any action brought to recover lands, or in which the title thereof is involved, shall die, and the proper person to be made a party in the place of the person so dying, shall be an infant, such action shall not be tried during such infancy unless the guardian or next friend of such infant satisfy the Court that it will be for the benefit of the infant to have the action tried during his infancy; but the action may be continued till the infant arrives at age." HELD :

That section 1 of Article 2, and section 40 of Article 75, of the Code, having both been taken from the Act of 1785, ch. 80—the first from section one, and the second from section two of that Act—and having been re-enacted at the same time in 1860, when the Code was adopted, neither has superiority over the other, and they must be construed together, and both made to stand as they did in the Act of 1785, the second section as an exception to the first.

Section 40 of Article 75 of the Code, which authorizes the suspension of the prosecution of actions until the infant defendants, however young, attain full age, is contrary to the fundamental principles of right and justice, and is therefore unconstitutional and void. *Per* ALVEY, C. J.

---
Tise, *et al. vs.* Shaw, *et al.*

---

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, and BRYAN, J.

*C. C. Magruder*, for the appellants.

The section of the Code under which the defendants expect to postpone a trial of this case until they all arrive at age, is the common law doctrine of "parol demurrer." This worked an abatement of the action for some cause; but, when any one of these pleas was filed, it had to be done with the greatest accuracy, &c. The fact that the exact ages, respectively, of the infant defendants in this case are not stated in the plea, is fatal to their success. While it is true that infancy is a matter that has always appealed to the Courts, yet when a *guardian ad litem* has been appointed by the Court to defend for them, it is his duty to be prompt and adopt a valid defence, and make it at the proper time.

In Maryland our Courts of equity have authority to decree the sale of infants' land, and to bind them in almost every respect. Our Courts of law do not go as far, and the case at bar involves a question which for the first time comes to the Court of Appeals in this shape. The statute under which the defence is made for these infants, is found in the Act of 1785, chap. 80, sec. 2, incorporated in Article 64, Revised Code, sec. 102; yet the Act of 1801, chap. 74, 1 *Dorsey's Laws*, 463, in effect repeals by implication the prior statute, because it says expressly that no action of ejectment shall abate by the death of either of the parties, &c. The repeal of a statute by implication is often done. *Montel & Co. vs. Consolidated Coal Co.*, 39 *Md.*, 171; *Kennerly's Exec'x vs. Wilson*, 1

*Md.*, 102 ; *Webb, &c. vs. Ridgely, et al.*, 38 *Md.*, 370–71 ; *Swann vs. State*, 64 *Md.*, 419–23.

There is a conflict between the section of the Code under which these defendants make defence, and sections 32, &c., page 593 of Revised Code, the action abating as claimed by the infants, page 612, sec. 102, and no abatement to an action of ejectment, as settled by the former section.

After plea pleaded by the guardian *ad litem*, the infant is as much bound as any other person. Ejectment lies against an infant. *McCoon vs. Smith*, 3 *Hill, N. Y.*, 147 ; *Marshall vs. Wing*, 50 *Maine*, 62.

An infant pleading, is as much bound and is as little privileged as a plaintiff of full age. *Darvin vs. Hatfield*, 4 *Sandf., (N. Y.,)* 468.

The fact is, that while infants unprotected, are always under the care of the Court, yet once represented by guardian *ad litem*, as these were, they are to be held as strictly to an assertion of their defences at the proper time, the same as if they were adults. *James, &c. vs. Boyd*, 1 *H. & G.*, 1–3 ; *Jenkins, &c. vs. Simms, Adm'r*, 45 *Md.*, 532–9 ; *Alexander's Brit. Stats.*, 122 ; *Tessier vs. Wyse*, 3 *Bland*, 51.

*Charles H. Stanley*, for the appellees.

The Act of 1785, chap. 80, sec. 1, which provides that no action of ejectment, &c., shall abate, is the same chapter which contains this section (sec. 2) now before this Court, and both sections are to be construed together as contemporaneous legislation—and are entirely consistent—for by the death of the ancestor, this suit did not end or abate, but new parties were made, and the case is tried, if the Court decides it is to the benefit of the infants, other wise it is not abated, but continued, and sec. 1, of Art. 2, of the Code, which is a codification of the Act of 1785, chap. 80, sec. 1, the Act of 1801, chap. 74, sec. 28, and

other Acts, is no broader in its terms than the original Act of 1785, and both the first and second sections of the Act of 1785 being codified, are re-enacted, have both the force of law, and are to be construed together. Act of 1785, chap. 80, secs. 1 and 2 ; sec. 1 of Art. 2, and sec. 40 of Art. 75 of the Code.

This section is in entire conformity with the practice at common law.

" The heir, if an infant, may also pray that the parol may demur till he is of full age." *Tidd's Practice,* 645.

The parol demurred at common law, and was so recognized in this State. *Alexander British Statutes,* 122; *Watkins vs. Worthington,* 2 *Bland,* 509-519; *Hammond vs. Hammond,* 2 *Bland,* 306, 330; *Tessier vs. Wyse,* 3 *Bland,* 28-29.

It is not, therefore, a case where the Legislature made a radical change in the principles of pleading, or took away from the plaintiff prior existing rights.

The distinction is this—at common law the action abated —under the Act of 1785, secs. 1 and 2, the action is suspended.

In the case of *James vs. Boyd,* 1 *Harr. & G.,* 1, this Court construed this section so far as to say that the judgment against the infant was good because it did not affirmatively appear that the defendant was an infant at the time of trial. The argument from this decision seems to be that if the defendant had been an infant at the time of trial, and it was so shown, no trial could have been had, unless the Court had been satisfied that a trial of the case was to her benefit.

The question was properly raised by plea in abatement. *Tidd's Practice,* 635; *Poe's Pleading, p.* 673, *sec.* 595.

There is no rule of Court which requires a plea in abatement to be filed by rule day. The only plea required to be filed by rule day, under the rules of the Court below, is the plea of limitations.

The rule is clear that a plea in abatement must be pleaded before general imparlance, before pleas in bar and issue joined, unless the matter in abatement has arisen since the filing of the plea in bar. *Chapman vs. Davis,* 4 *Gill,* 167; *Eschbach vs. Bayley,* 28 *Md.,* 496; *Young vs. Citizens' Bank,* 31 *Md.,* 68; *Webster vs. Byrnes,* 32 *Md.,* 69; *Cruzen vs. McKaig,* 57 *Md.,* 457.

There could be no appeal from the action of the Court striking out the judgment, nor from the action of the Court in overruling the demurrer in this case. If the appeal is to be considered as taken from this, it should be dismissed. *Craig vs. Wroth,* 47 *Md.,* 282.

IRVING, J., delivered the opinion of the Court.

This action of ejectment was instituted against one Charles Parker, who died, and on motion of the plaintiffs his infant children, (all of whom, by the agreed statement of facts, were under the age of sixteen years) were made parties defendants, and Zachariah Shaw was appointed guardian *ad litem* to defend for them. He appeared by attorney and pleaded their infancy by way of plea in abatement, and insisted that it was not for the benefit of the infants to have the action tried during their infancy. This plea in abatement was duly verified by the affidavit of the guardian *ad litem.* It seems to have been pleaded at the imparlance term; and the Court overruled a motion of *ne recipiatur* based on the contention that it should have been filed by the rule day. The rules of the Court are not in the record, and we must assume the Court in its action properly interpreted the requirement of its own rules. It also appears by the record that a demurrer was filed to this plea in abatement, which demurrer was first sustained by the Court, but afterwards this ruling was stricken out and the demurrer was overruled, and judgment was given thereon for the defendants; and then the Court ordered "that this case shall not be tried until all the infants arrive

at full age." Appeal was at once taken to this Court. There having been no final judgment in the cause, but only an order for a continuance till the infants reach full age, we do not see how an appeal can be sustained. But as the appeal was designed to test the validity and operative character of the statute under which the order of the Court continuing the cause was passed, we will con-sider the question, which is one of great importance.

The 40th section of Article 75 of the Code of Public General Laws is in this language: "Where a party in any action brought to recover lands, or in which the title thereof is involved, shall die, and the proper person to be made a party in the place of the person so dying, shall be an infant, such action shall not be tried during such infancy, unless the guardian or next friend of such infant satisfy the Court that it will be for the benefit of the infant to have the action tried during his infancy; but the action may be continued till the infant arrives at age."

The order of the Court continuing the cause rests for its authority on the imperative language of this statute which says that in a case of infancy the case *shall not be tried,* but, instead of abating it and putting an end to it entirely, also provides the suit may be continued until the infant shall attain majority.

At the common law the "parol demurred" in such case. *Tidd's Practice,* 635; *Alex. Brit. Stat.,* 122; and this statute was, in effect, but making the common law a statutory provision.

It is contended that this provision is no longer operative, and is so far inconsistent with the provisions of Art. 2, sec. 1, of the Code, which are so general, that it cannot be enforced. Sec. 1 of Art. 2, and sec. 40, Art. 75, both came from the same Act, the Act of 1785, chap. 80. The first is sec. 1 and the second is sec. 2 of that Act. After making the general provision that suits should not abate by reason of death, an exception was made in the event named

in the second section. The two sections of this Act of 1785 having been both re-enacted in 1860, when the Code was adopted, neither can have superiority over the other, and they must be construed together and both made to stand, as they did in the Act of 1785, the second section as an exception to the first. For convenience sake they have been separated in the Code and no longer stand in juxtaposition as in the original, but having been re-enacted at one and the same time, they must be construed as if they had continued side by side. We find no instances in our reports where the statute has been enforced, but it has several times been recognized as the law. In *Hammond vs. Hammond*, 2 *Bland*, 336, Chancellor BLAND says, formerly the parol demurred both in law and equity, but there had been a change by statute as to equity ; and that the statute allowing sales of decedents' real estate for the payment of debts was passed to give the Chancellor power to decree sale after the infant heir had been summoned and answered. He quotes the language of this section under consideration as being the law enforceable at law in the cases provided for. He so recognizes it in *Watkins vs. Worthington*, 2 *Bland*, 509-519, and in *Tessier vs. Wyse*, 3 *Bland*, 28-29. In *James vs. Boyd*, 1 *H. & G.*, 1, the judgment below was sustained because it did not affirmatively appear at the trial that the heir was not then of full age. The law was evidently not thought a wise one; but inferentially the Court recognized its binding authority, if the condition of things justified or required its application, and the Court assigned a reason why that case did not require a reversal of the judgment appealed from because of its provisions, viz., that it did not appear the party was a minor when the case was tried.

It was contended in argument, that its enforcement will operate harshly, and that because of its apparently long disuse it should be treated as obsolete. In the days of *feudal tenures* and the rights of *primogeniture*, it may have

served a useful purpose, but in the changed condition of things in the present day, it seems to us to operate as an obstruction of justice rather than as a protection of rights, and in our opinion it should no longer have place on the statute book. But the statute is plain, imperative and unambiguous, and was re-enacted as part of the written law of the State as late as 1860, when the Code was adopted; and it cannot be disregarded. It is not our province to repeal it. Having been so long the law, and unchallenged as void because it is in derogation of common right, we cannot so declare it. The Legislature must deal with it, if it is hurtful.

*Appeal dismissed.*

(Decided 18th November, 1887.)

ALVEY, C. J., filed the following dissenting opinion : .

With the greatest respect for the opinions of others, I cannot agree to the opinion of the Court rendered in this case. The plea of infancy interposed here has the effect, and was intended to have the effect, of the plea of parol demurrer, as that anomalous and antiquated plea is defined by the common law, or rather the feudal law, in the principles of which the plea is founded. The second section of the Act of 1785, ch. 80, embodied in the Code as sec. 40 of Art. 75, seems to have been taken almost literally from the third book of *Blackstone's Commentaries, page* 300, where the parol demurrer is defined; and what the defence really is, and when it could be invoked in England, before it was abolished by statute, may be seen in the case of *Plasket vs. Beeby and others,* 4 *East,* 485, where the form of the plea, and the prayer that the parol may demur, may be found. It is matter of defence only by way of suspension of the right to prosecute the action, until *all* the infants may arrive to the full age of twenty-one years. It is a dilatory plea, and, like all other dilatory pleas, it can-

not be pleaded with pleas in bar of the action; for if pleas in bar are interposed with dilatory pleas, or before matter pleaded in abatement or suspension of the action is disposed of by the Court, such dilatory defence is, by the well established principles of pleading, waived and abandoned. *Chapman vs. Davis*, 4 *Gill*, 166, 176; *Cruzen vs. McKaig*, 57 *Md.*, 459; 14 *How.*, 505; 12 *Wall.*, 65, 84; *Steph. Pl.* 430, 431; 1 *Chit. Pl.*, (16*th Ed.*,) 463. Here the infants, by their guardian, have pleaded "that the *right of possession*," as well as the actual possession of the real estate sued for, is in them, which is a plea in bar of the right of the plaintiffs to recover; for the plaintiffs cannot recover, unless they have both the legal title and the immediate right of possession at the time of bringing the action. *Wilson vs. Inloes*, 11 *G. & J.*, 233; *Lannay vs. Wilson*, 30 *Md.*, 546. But with this plea in bar was also pleaded the infancy of the defendants, though without observing the formality of such plea, by praying the parol to demur. There was a motion by the plaintiffs that this dilatory plea should not be received, and I think that motion should have prevailed. In the case of *Derisley vs. Custance*, 4 *T. Rep.*, 75, it was held, that an infant could not pray the parol to demur in any stage of the proceeding, after pleading to the merits of the suit. And in that case Mr. Justice BULLER said: "If the defendant had intended to take advantage of his infancy, he should have done it before he pleaded; for it is a dilatory plea, and does not go to the merits; it only suspends the proceeding." The plea certainly has nothing to commend it, and the strictest rules ought to be applied to it.

But I dissent from the opinion of the majority of the Court upon a broader ground than that of mere matter of pleading. In my judgment that provision of the Code, taken from the Act of 1785, ch. 80, which authorizes the suspension of the prosecution of actions until the infant defendants, however young, attain full age, is contrary to

the fundamental principles of right and justice, and is therefore unconstitutional and void. This is an action of ejectment, wherein it is alleged that the land sued for is the property of the plaintiffs and that it was tortiously entered upon by the father of the defendants, and the plaintiffs wrongfully ejected therefrom. After the action was brought against the party alleged to be a wrong-doer, he died, and his infant children, as his heirs-at-law, some of them very young, have been made defendants. And because of this accidental change of parties, in the course of the proceeding, it is now determined that,.by virtue of the provision of the statute, these children of the party alleged to be the wrong-doer, is to be allowed to remain in possession and enjoyment of this property for the next twenty years to come, at the expiration of which time the property may be shown to be the rightful estate of the plaintiffs, after it has, perhaps, been devastated and ruined. And all this to be effected under the forms of law.

There are some things, I apprehend, that the Legislature cannot do, and among these is the exercise of power to take the private property of one man and confer it upon another, even for a limited period or use; (*University vs. Williams,* 9 *Gill,* 365;) and that being so, it is difficult to distinguish that case from the present, where the law is made to operate to prevent the recovery by the owner of property wrongfully withheld from him. It is clearly a denial of justice; the closing of the Courts against a party who may have been grievously wronged, and whose property may be secured to the use of the infant defendants, against all right, for a period of half a life-time. In my judgment, a statute that works out such a result is in derogation, not only of the first principles of justice, but of the 19th section of the Declaration of Rights, which provides, "That every man, for any injury done to him in his person or property, ought to have remedy by the course of the law of the land, and ought to have justice and right, freely

without sale, *fully without any denial, and speedily without delay,* according to the law of the land." If this declaration of fundamental principle is to have any force or effect in restraining legislative power, it would seem to be sufficient to protect the plaintiffs in this case against a great wrong, which they might show to exist, in violation of their right of property.

It is for the reasons that I have briefly assigned, that I feel constrained to dissent from the opinion of a majority of the Court.

(Filed 14th December, 1887.)