# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### WATTS v. KELLAR et al.

#### (Circuit Court of Appeals, Eighth Circuit. May 1, 1893.)

#### No. 188.

1. CONTRACTS—CONSTRUCTION—MORTGAGES—EQUITY JURISDICTION.
   A written contract provided that, if complainant would buy a certain lot of a third person for $7,000, defendants would, at the end of a year, buy it of complainant for $7,700, if the latter elected to sell. Complainant purchased the lot accordingly, and at the end of a year tendered a deed to defendants, and afterwards brought a bill alleging that the transaction was well understood to be in the nature of a loan, with a reservation that complainant might retain the land if he should so elect. The bill prayed that a decree be made for $7,000, with interest; that a lien on the land be declared, and, if the sum were not paid, that the lien be foreclosed; and for general relief. *Held*, on a demurrer to the bill, that the allegations as to the nature of the transaction must be taken as true, and the contract held to be a mortgage, which a court of equity had jurisdiction to foreclose; and that complainant would not, therefore, be remitted to an action at law.

2. SAME—SPECIFIC PERFORMANCE.
   If the allegation as to the nature of the contract were disregarded, then the contract on its face was an option to sell supported by a sufficient consideration, and was specifically enforceable in equity.

3. SPECIFIC PERFORMANCE—MUTUALITY OF RIGHT.
   The rule that want of mutuality in the right to specific performance will prevent enforcement by one party has no application to a contract which is an option to sell real estate at a specified price.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

In Equity. Bill by Edmund Hanney Watts against James M. Kellar and E. W. Rector for the recovery of money, the declaration and enforcement of a lien on real estate, and for general relief. The court below sustained a demurrer to the bill, and dismissed the cause, from which decree complainant appeals. Reversed.

Statement by CALDWELL, Circuit Judge:

This suit grows out of the following contract:

"Hot Springs, Ark., November 17th, 1890.

"We, the undersigned, James M. Kellar and E. W. Rector, of the city of Hot Springs, state of Arkansas, agree with Edmond Hanney Watts, of London, England, that if the said Edmond Hanney Watts will purchase of Albert B. Gaines, of said city of Hot Springs, lot twelve (12) in block one hundred and twenty-six (126) of said city for the sum of seven thousand dollars, we, the said James M. Kellar and E. W. Rector, at the expiration of one year from the date hereof, will buy from the said Edmond Hanney Watts said lot, if he sees proper at that time to sell it, and pay him the sum of seven thousand seven hundred dollars therefor, less the amount received for rent or other account from said property by said Watts during his ownership of the same. And it is understood and agreed that if we purchase said property we hereby bind ourselves to accept such title of the same as the said Watts gets from the said Gaines. Witness our hands the day and year above written.                                                      James M. Kellar.
                                                      "E. W. Rector."

The bill alleges "that the spirit and intent of said contract was as follows: That defendants and others being extremely anxious at the time to control the title of the lot therein described for business purposes, and, knowing that your orator had the present means of accomplishing that object, induced him to purchase the said lot for their use and benefit, with the distinct understanding and agreement on their part that if, at the end of one year, your orator should request the same, they would pay him therefor in cash the amount so advanced, with interest at the rate of ten per cent. per annum from date until paid. It was well understood that the transaction was in the nature of a loan by your orator to defendants, with a reservation that your orator should be authorized to retain the property if he should so elect. That, in order to induce your orator to make the necessary advance, the defendants represented to your orator that in this way he would be sure to receive his interest for his money, which was all he desired, with the additional advantage of holding the property if he thought it best. Your orator further states that at the end of the year stipulated in said contract he notified the defendants that he should require the repayment of said money in accordance with its terms, and tendered to them a deed therefor, conveying to them the said lot, duly executed in accordance with law. Defendants have failed and refused to comply with the terms of said contract by accepting said deed, or by the payment of said sum of money justly due your orator. Your orator is advised that he is entitled to a judgment against the defendants for the amount of the said seven thousand dollars ($7,000) so advanced by him, with interest at the rate of ten per cent. per annum from the date of said contract till date, and that to secure the payment of the amount he has a lien in and upon said lot number twelve, in said block number one hundred and twenty-six, and that your orator holds said lot in trust for the benefit of the defendants. And your orator now brings into court said deed from himself and wife, conveying to the defendants the title to said lot number twelve, in block number one hundred and twenty-six, derived from said Gaines under the terms and conditions of said contract, which was fully and in good faith complied with at the time by your orator. He prays that a decree be entered in his favor and against the defendants in the sum of seven thousand dollars, with interest at the rate of ten per cent. per annum from the 17th day of November, 1890; that to secure the said amount a lien be established and declared in his favor in and upon the said lot number twelve, in said block number one hundred and twenty-six, in said city of Hot Springs, and, unless the same be paid within a short time, to be fixed by the court, may the equity of redemption of the defendants in said lot be barred and foreclosed, and may the same be sold under proper orders of this honorable court, and the proceeds of such sale be applied to the satisfaction, as near as may be, of this decree, and the surplus, if any, for the benefit of the defendants; and to this end may said decree divest the title of said lot out

of your orator and vest the same in the defendants. And your orator prays further for costs and general relief."

The defendants interposed a demurrer to the bill upon the following grounds: "First, that the said complainant hath not in and for his said bill made or stated such cause or such a case as entitles him in a court of equity to any relief; second, that the said bill doth not contain any matter of equity wherein this court can ground any decree, or give to the plaintiff any relief against these defendants, or either of them; third, that the allegations of said bill show that plaintiff hath a complete remedy in a court of law for alleged wrong done him, as shown by the allegations of his said bill; fourth, that the allegations in said bill of complaint show that if the plaintiff hath any cause of complaint against these defendants, or either of them, it is in a court of law for a breach of contract, sounding in damages for such breach." The court below sustained the demurrer, and dismissed the bill, and the plaintiff brought this appeal.

C. S. Collins, (F. T. Vaughan, on the brief,) for appellant.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge, (after stating the facts.) Upon the allegations of the bill the contract between the parties from its inception was, in equity, a mortgage. It is expressly averred in the bill that "it was well understood that the transaction was in the nature of a loan by your orator to defendants, with a reservation that your orator should be authorized to retain the property if he should so elect." The necessary implication from the averments of the bill is that the plaintiff loaned the defendants $7,000, and that to secure the payment of the same the defendants caused the lot in question to be conveyed to the complainant by a deed absolute in form, upon the understanding and agreement that at the expiration of one year the complainant should have the option to retain the title to the lot in satisfaction of the loan, or to demand payment of the sum loaned, with 10 per cent. interest thereon, and, upon the payment thereof, convey to the defendants the same title to the lot which he had received. This agreement, in equity, constituted a mortgage. Pom. Eq. Jur. §§ 1192–1196; Russell v. Southard, 12 How. 139. The demurrer admits the truth of the averments in the bill. In this aspect of the case the bill may be regarded as one to foreclose a mortgage, and is sufficient for that purpose. A foreclosure was the only remedy open to the complainant to bar the defendants' equity of redemption in the property. Upon the facts stated the complainant's election at the expiration of the year to retain the property in satisfaction of the loan would not have operated to bar the defendants' equity of redemption. Russell v. Southard, supra. This equity of redemption would have remained, and could have been enforced, until barred by laches or the statute of limitations.

If we lay out of sight the allegations of the bill which show the transaction was a loan of money, secured by a conveyance absolute in form, but in equity a mortgage, and determine the rights of the parties by the letter of the written contract, the defendants are not benefited. By the terms of this contract the defend-

ants, in consideration that the plaintiff would pay $7,000 for the lot, agreed to pay the plaintiff $7,700 therefor at the expiration of one year from the date of plaintiff's purchase, if the plaintiff should then elect to sell the lot at that price. The consideration for this agreement is expressed in the contract, and is sufficient. An option to sell land is as valid as an option to buy. When one holding a buyer's option makes his election to purchase, and tenders the money according to the terms of the contract, it is the duty of the seller to accept the price, and execute a deed to the purchaser for the property; and when one holding an option to sell elects to make the sale, and tenders a deed, it is the duty of the buyer to accept the deed, and pay the price. Such contracts are perfectly valid, and it is now well settled that a court of equity may decree a specific performance of them. A suit for that purpose is, of course, subject to the general rule that the specific enforcement of contracts for the purchase or sale of land is not a matter of course, but rests in the discretion of the court, in view of all the circumstances. But the rules by which the court will be guided, in a suit like this, in decreeing or refusing a specific enforcement are the same that they are in other suits for the specific enforcement of contracts relating to land. Cases may be found which hold that such contracts will not be specifically enforced, because the right to a specific enforcement is not mutual. The want of mutuality of right to a specific performance of a contract, which sometimes precludes its enforcement in equity, has no application to an option contract of the character we are considering. The purchaser of an option to buy or sell land pays for the privilege of his election. It is that very privilege which the other party to the contract sells. In the absence of an agreement to the contrary, each party to a contract to buy or sell land may have it specifically enforced against the other, (Raymond v. Land & Water Co., 4 C. C. A. 89, 10 U. S. App. 601, 53 Fed. Rep. 883,) but the very purpose of an optional contract of this nature is to extinguish this mutuality of right, and vest in one of the parties the privilege of determining whether the contract shall be vitalized and enforced. An option to buy or sell land, more than any other form of contract, contemplates a specific performance of its terms; and it is the right to have them specifically enforced that imparts to them their usefulness and value. An option to buy or sell a town lot may be valuable when the party can have the contract specifically enforced, but, if he cannot do this, and must resort to an action at law for damages, his option in most cases will be of little or no value. No man of any experience in the law would esteem an option on a lawsuit for an uncertain measure of damages as of any value. The modern, and we think the sound, doctrine is that when such contracts are free from fraud, and are made upon a sufficient consideration, they impose upon the makers an obligation to perform them specifically, which equity will enforce. Pom. Cont. §§ 167--169, and notes; Willard v. Tayloe, 8 Wall. 557; Brown v. Slee, 103 U. S. 828. In the case last cited the

supreme court of the United States enforced, quite as a matter of course, the specific performance of a seller's option which was in these terms:

"It is further understood and agreed that, if said executors desire it, said Brown shall, at the expiration of five years stated in said contract of April 25, 1871, repurchase the 130 acres of land in the city of Des Moines at $25,-000. * * *"

The opinion of the court was delivered by Chief Justice Waite, and discusses at length the sufficiency of the executors' notice of their election to sell, and the question whether the tender of the deed was timely; but contains no intimation that the want of mutuality in the contract was any impediment to its specific enforcement. The want of mutuality was too obvious to be overlooked, and the fact that it was not adverted to shows that, in the judgment of that court, the right to enforce the specific performance of such a contract was too well settled to require or justify any observation. Viewed in any light, the bill presented a case of equitable cognizance, and it was error to dismiss it.

The decree of the circuit court is reversed, and the cause remanded for further proceedings therein not inconsistent with this opinion.