## FRANK ET AL. v. STRATFORD-HANDCOCK ET AL.

SPECIFIC PERFORMANCE—PRACTICE—OPTIONAL AGREEMENTS—CONSIDERATION—REVOCATION—CONVEYANCE TO THIRD PARTY—LEASE—CONDITIONS PRECEDENT—LANDLORD AND TENANT—TENANCY BY SUFFERANCE—RIGHT TO POSSESSION—PART PERFORMANCE OF CONTRACT—RECOGNITION OF LEASE—TENDER—RIGHT OF POSSESSION UNDER OPTIONAL CONTRACT OF SALE.

1. A purchaser of real property, with notice of a prior contract to convey the same to another, takes it subject to the equitable rights of the original contractor, and may be compelled in equity to perform the contract of his vendor; and, upon a bill filed by the original vendee against the vendor and subsequent purchaser, the proper practice is to direct a specific performance of the contract by the subsequent purchaser in whom resides the legal title.

2. The general requirement of mutuality of obligation and remedy as a prerequisite to specific performance does not apply to contracts unilateral in form, though bilateral in effect, such as bonds and similar obligations, nor to an optional contract for the purchase or sale of land that is founded upon a proper and sufficient consideration.

3. An agreement to sell and convey land to another for a stated price, if given upon a proper consideration, may be specifically enforced upon an acceptance, and tender of the price, within the time allowed by the contract, although prior to acceptance and tender no obligation rested upon the option holder to purchase.

4. An optional agreement to convey land made upon proper consideration, or forming part of a lease or other contract that is in fact the consideration for it, cannot be revoked by the vendor within the period granted for the exercise of the option.

5. A mere proposal without consideration creates no obligation, unless accepted according to its terms, and may therefore be withdrawn at any time before acceptance, though it will become a binding contract if allowed to remain open until accepted.

6. When an option given upon a consideration is accepted according to its terms, the offer and acceptance constitute a contract of sale; and the same result flows from the acceptance of an offer without consideration, if accepted be-

fore the offer is withdrawn or revoked.

7. An agreement in a lease, granting the lessee the privilege of purchasing the premises within a stated period upon specified terms, is a continuing offer to sell, which may not be revoked during the period within which the agreement permits the option to be exercised; the lease itself, with the affirmative covenants of the lessee, where no other consideration is stated, being usually considered a sufficient consideration for the agreement to sell and convey at the lessee's option.

8. Conditions precedent are to be strictly complied with.

9. A condition precedent is one that must happen or be performed before the estate dependent upon it can arise or be enlarged, while a condition subsequent defeats the estate in case it does not happen or is not performed.

10. In determining whether a particular provision amounts to a condition or not, the intention of the grantor governs, to be gathered from the whole instrument and the existing facts.

11. Whether a condition is precedent or subsequent depends upon the intent of the parties, as collected from the whole contract, whatever the order in which they are found, or the manner in which they are expressed.

12. Where, in an agreement providing for the leasing of certain premises for a term of six months, the lessee agreed to pay as rental the taxes for the current year, to restrict the use of the premises in certain designated respects, and to keep the buildings and fences in repair, and, as a concluding provision, to deposit with the lessor the sum of $500 for the faithful performance of the lease and the payment of the taxes; *Held,* that the provision for the deposit was a condition precedent, and, not having been performed, the lease did not become effective, and could not be regarded as constituting a consideration for the lessor's agreement to convey the premises at the lessee's option within the term of the lease.

13. A contract of lease required as a condition precedent the giving by the lessee of a stipulated security for the faithful performance of the lease and the payment of the agreed rental. *Held,* the condition not having been complied with, that the mere fact of the lessee's possession at and before the signing of the contract, would not impart vitality to the lease. In the absence of any other showing, there would exist only a tenancy by sufferance. (R. S. 1899, Sec. 2772.)

14. The mere taking and holding possession by a lessee, without complying with a condition precedent in the contract of lease, does not amount to a part performance of the contract on the part of such lessee, nor render the performance of the condition unnecessary.

15. Where a lease which was the sole consideration for an option therein given the lessee to purchase had not become effective for the failure of the lessee to perform a condition precedent, the recognition of the lease by a vendee of the lessor, not a party to the contract, by notifying the lessee that such vendee reserved the right to declare the lease forfeited for a failure to comply with its terms, *held* not to have rendered the contract of lease effective so as to make the obligation to convey binding upon the lessor, it not appearing that the latter advised or consented to the notice or knew of it.

16. The promise of the lessor to sell and convey the premises to the lessee at the latter's option within the term of the lease at a price therein stated being without consideration, owing to the failure of the lessee to comply with a condition precedent to the operation of the lease, it was the lessor's privilege to revoke it at any time previous to acceptance.

17. The sale and conveyance of the property by the lessor to another party, in good faith and for a valuable consideration, which was brought to the knowledge of the lessee before an acceptance of the option amounted to a sufficient revocation.

18. Although the lessor had conveyed the property to another, not a party to the optional contract, the tender of the price was properly made to the former had the option remained binding upon him, and thereupon, if made in time, he and his grantee would have become bound to make the conveyance.

19. Having been evicted by the lessor's vendee, the lessee was not entitled to damages for the withholding of possession from her after such eviction, since, having failed to perform the condition precedent to her right of possession under the lease, she could not lawfully retain it.

20. One holding a mere option to purchase real estate is not for that reason entitled to possession, in the absence of an express stipulation to that effect, at least until he makes a tender of the purchase price and demands a deed.

[Decided June 27, 1904.]                    (77 Pac., 134.)

ERROR to the District Court, Crook County, HON. RICH-
ARD H. SCOTT, Judge of the First District, presiding.

The action was brought by S. Henrietta Carlile-Kent
against Abe Frank and Grace E. McKenzie for the specific
performance of an alleged contract for the sale and convey-
ance of land, and for damages for the eviction of plaintiff
from possession. Judgment went for plaintiff, and de-
fendants brought error. The material facts are stated in
the opinion.

*Nichols & Adams, W. S. Metz* and *Gibson Clark,* for
plaintiffs in error.

The contract sought to be enforced is uncertain as to
character and terms, is without consideration, is unilateral
and without mutuality of obligation or remedy. Nothing
that the defendant in error might do or offer to do can add
to or in any manner change the terms of the contract.
(Pomeroy Spec. Perf., Sec. 166.) Without mutuality of
obligation and remedy, specific performance will not be
awarded. (Pomeroy Spec. Perf., Sec. 163; Duvall v.
Myers, 2 Md. Ch., 401; Bronson v. Cahill, 4 McLean, 19;
Tyson v. Watts, 1 Md. Ch., 13; Fetter on Eq. Jur., 273,
and cases cited.) Defendant in error failed to deposit se-
curity for her faithful performance of the lease as required
by the contract, but insisted that she had repudiated that
portion of the contract, and she is not entitled to specific
performance without proof of compliance on her part with
all the requirements of the contract. A person cannot re-
pudiate one portion of a contract and then enforce the
others, even in case of fraud. (2 Parsons Cont., 813;
Grant v. Law, 29 Wis., 99.) Even where there is mutuality
in obligation and remedy, equity will refuse specific per-
formance unless plaintiff has performed the terms of the
contract. (Fetter on Eq. Jur., 278; Haggerty v. Land
Co., 89 Ala., 428; Eastman v. Plumer, 46 N. H., 464;
Alexander v. Wunderlich, 118 Pa. St., 610; Chicago, &c.,

Co. v. Lake, 130 Ill., 42.)    Specific execution will not be decreed in favor of plaintiff where the contract is not in like manner enforceable against him nor binding upon him. (Maynard v. Brown, 2 N. W., 30; Barker v. Critzer, 11 Pac., 382; Chapman v. Morgan, 20 N. W., 820; Oil Co. v. Oil Co., 112 Fed., 373; Car Co. v. R. R. Co., 11 Fed., 625; Duff v. Hopkins, 33 Fed., 599; Adderly v. Dixon, 1 S. &. S., 607; Jackson v. Nicolson, 70 Ga., 198; Blulock v. Wagoner, 82 Ga., 122; Ikerd v. Beavers, 106 Ind., 485; 1 Story Eq. Jur., Secs. 750, 769, 770; 5 Waits Act. & Def., 788, and cases cited; Chadwick v. Chadwick, 25 So., 631; Dünn v. MacGovern, 88 N. W., 938; Clark v. Koenig, 54 N. W., 842; Ford v. Enker, 9 S. E., 500; King v. Gildersleeve, 21 Pac., 962; Wakeham v. Barker, 22 Pac., 1131; Stanton v. Singleton, 59 Pac., 146; Anson v. Townsend, 15 Pac., 50; Chabourn v. Loan Soc., 26 Pac., 529; Banbury v. Arnold, 27 Pac., 935; 22 Ency. Law, 1019; Newell's App., 100 Pa. St., 513.)    The plaintiff in error was not required to present this point by demurrer.    (R. S. 1899,, Sec. 3537.)

To authorize specific performance, the contract must be supported by a valid consideration.    (Vassar v. Vassar, 23 Miss., 378; Est. of Webb, 49 Cal., 541; Murphy v. Rooney, 45 Cal., 78.)    A contract revokable by one party cannot be enforced against the other.    (Alworth v. Seymour, 42 Minn., 576; R. R. Co. v. Dunlap, 86 Va., 346; Kerr v. Day, 14 Pa. St., 112; Carson v. Mulvany, 49 Pa. St., 100; Shallenberger v. Brinton, 52 Pa. St., 99; Corbitt v. Gas Light Co., 6 Ore., 405; R. R. Co. v. Brinckerhoff, 21 Wend., 139; Leather Co. v. Kurtz, 34 Mich., 89.)

The contract never became operative or binding upon plaintiff in error Frank, or any other person, as the security required was not deposited by the defendant in error.    The agreement for such deposit constituted a condition precedent, and in the absence of the deposit the agreement never became operative.    (Bank v. Irr. Dist., 40 Pac., 45; 2 Parsons Contract, 519.)    Before becoming entitled to specific performance plaintiff should first prove compliance with

all the terms of the contract. (Shipman Eq. Pl., 262.) A condition precedent must be performed, if capable of performance. (2. Story Eq. Jur., 750.) Time is the essence of the contract. (3 Parsons Contract, Sec. 386.) The failure to make the deposit cannot be excused on the ground that it was not demanded. (Caines v. Smith, 15 M. & W., 189; 2 Parsons Contract, 808.) The burden of proof to show compliance was upon the plaintiff below. (Tidball v. Challburg, 93 N. W., 679.) He who seeks equity must do equity.

It is therefore insisted that the contract on its face is not such a contract as equity will specifically enforce, and, if it was, the defendant in error has herself shown that she is not entitled to any relief under the contract, for the reason that she did not comply with its terms. If the contract be construed as an offer to sell the premises, then it was withdrawn and possession of the premises demanded before acceptance. The sale of the property by the lessor to a third party amounted to a revocation of the offer. (Dickinson v. Dodds, 2 Ch. Div., 463; Coleman v. Applegarth, 68 Md., 21.) Where the one making the offer has sold the property to some other person, and the person to whom the offer was made knew of the sale before accepting the offer, the acceptance will be too late. (Childs v. Gillespie, 23 Atl., 312.)

Even if the lease was in force, there was no consideration for the privilege of purchase; none is mentioned in the contract, nor was any proved upon the trial. The rent agreed to be paid was nominal and clearly insufficient as a consideration for the option to buy. The fact that plaintiff below was in possession of the property is of no consequence. There was nothing in the contract requiring her to take possession, and it was wholly immaterial whether she did take possession or not. The evidence clearly shows that whatever possession she had was afterwards voluntarily surrendered to the plaintiff in error, Mrs. MacKenzie. The damages allowed by the judgment below are not supported by the evidence. The findings do not in-

dicate what the damages were based upon, 'and the case is not such as would warrant exemplary damages. For the reasons above set forth, the District Court erred in its findings and conclusions.

*E. E. Enterline* and *H. A. Alden,* for defendant in error.

A good cause of action was pleaded. (20 Ency. Pl. & Pr., 434-460.) Though the contract should be considered unilateral, or a mere option to purchase, still as the plaintiff below accepted the offer and tendered the price before the expiration of the time given in the contract, she became entitled to specific performance. (Ry. Co. v. Spencer, 156 Pa. St., 85; Ross v. Parks, 93 Ala., 153; Gustin v. Sch. Dist., 94 Mich., 502; Yerkes v. Leiser, 10 Mont., 5; Warren v. Castello, 109 Mo., 338.) The offer was never withdrawn by the defendant Frank, and the plaintiff accepted in a letter written July 11, 1901, and made tender September 20, 1901, within the term of the contract. But it is not necessary in all cases that there should be mutuality of obligation and remedy to authorize specific performance. (Lamprey v. Ry. Co., 94 N. W., 555.) The contract in controversy was not unilateral, and does not require mutuality. Where an option is given in a lease, specific performance will be decreed. (Hawralty v. Warren, 3 C. E. Green, 124; Lane v. R. R. Co., 67 Pac., 656; Waterman on Spec. Perf., Sec. 200.)

The failure on the part of the plaintiff below to deposit the security provided in the contract cannot be held to have worked a forfeiture of her rights either to purchase or to remain in possession. The contract does not contain a single forfeiture clause, nor was there any time stated in the contract for the making of the deposit, nor was any demand proven upon the plaintiff for the same. Forfeiture may result from a non-payment of rent in accordance with the terms of the lease when there is a covenant to that effect, but unless the lease provide for a forfeiture, and there be a demand for the rent, forfeiture will not result.

(12 Ency. Law (1st Ed.), 758.) The lease may be forfeited for a violation of other covenants, where it is provided for by the terms of the lease or a right of re-entry given. (Id.) Even if the plaintiff did violate any of the conditions of the lease, Mrs. MacKenzie, the lessor's vendee, had no right to dispossess the defendant or declare a forfeiture. (Langley v. Ross, 55 Mich., 163.) A forfeiture will not be implied, nor is it favored in the law. (William v. Vanderbuilt, 145 Ill., 238; Gruffy v. Hukill, 26 Am. St., 910; Miller v. Havens, 51 Mich., 482; Moses v. Lumon, 47 Am. St., 197; Castleberry v. Hay, 70 Pac., 1055; Winkler v. Gibson, 2 Kan. App., 621.) Upon the facts in the case, forcible entry and detainer could not have been maintained. (R. S. 1899, Secs. 4485, 4486.)

The conclusions of fact by the court below are supported by sufficient evidence and the conclusions of law are warranted by the admissions in the pleadings and the facts found. Findings will not be disturbed on appeal where there is a substantial conflict in the testimony. (Byrne v. Meyers, 1 Wyo., 352; Bank v. Dayton, 1 id., 336; Telegraph v. Monseau, 1 id., 17; Ketcham v. Davis, 3 id., 164; O'Brien v. Foglesong, 3 id., 57; Boburg v. Prahl, 3 id., 325; Bank v. Luman, 6 id., 123; Conway v. Smith Mer. Co., 6 id., 468; Jackson v. Mull, 6 id., 55; Bryant v. State, 7 id., 311.) Both of the defendants below having joined in a motion for a new trial, if the finding as to the dispossession of the plaintiff by Mrs. MacKenzie, one of the defendants, is supported by the evidence and was proper, then the defendant Frank cannot complain of the finding and judgment as to him in that respect. (North Platte, &c., Co. v. Price, 4 Wyo., 293; Hogan v. Peterson, 8 id., 549.) Damages were allowable from the time of dispossession until the entering of judgment. (Cosgriff v. Miller, 10 Wyo., 190.) The motion for a new trial is not sufficiently specific in pointing out wherein the damages allowed were excessive, and for that reason alone plaintiffs in error cannot complain of the findings concerning damages. (R.

S. 1899, Sec. 3746; Imp. Co. v. Bradley 7, Wyo., 228; Cosgriff v. Miller, *supra;* Bank v. Bank, 70 Pac., 726.) Upon the evidence, the defendant in error, plaintiff below, was entitled to exemplary damages. (Cosgriff v. Miller, *supra.*)

We insist, upon principle and authority, that the findings and judgment of the trial court should not be disturbed. The record discloses a condition of deceit, oppression and wrong perpetrated by the defendants upon the plaintiff. There is nothing in the record showing that the trial court awarded damages through prejudice or passion, and the amount allowed is in no sense commensurate to the injury inflicted upon the plaintiff.

*Nichols & Adams, W. S. Metz* and *Gibson ·Clark,* for plaintiffs in error, in reply.   °

None of the obligations of the contract became either· morally or legally binding upon Frank or vested any estate or right whatever in Miss Kent, for the reason that she not only failed to perform, but wilfully repudiated a provision or condition of the contract, which from its very nature was a condition precedent to the vesting of any right in her. In order to secure the faithful performance of the lease on the part of the lessee, the lessor, Frank, required that he should be furnished with a deposit of money as security, and the provision in the contract therefor cannot be otherwise considered than as a condition precedent. (Cassity v. Robinson, 8 B. Mon., 279; Hard v. Brown, 18 Vt., 90; Jenkelson v. Ruff, 64 N. Y. Supp., 40; Andis v. Pearsonett, 108 Ind., 202; McGaunten v. Wilbur, 1 Cow., 257.) It is not necessary that a contract should expressly state that a particular condition is a condition precedent to render it one. Whether it is such a condition or not must depend upon the intention of the parties as shown by a proper construction of the whole instrument; and so construing this contract, it must appear that the clear intention of the parties was that the

deposit should be made without delay, and that until made no rights would vest under the lease. (1 Beach on Contracts, Sec. 90; 1 Warvelle on Vendors (2d Ed.), Sec. 440; R. Co. v. Brewer, 67 Me., 295; 4 Ency. Pl. & Pr., 677; Hirschorn v. Canney, 98 Mass., 149; Mfg. Co. v. Waterston, 3 Met., 9; Newmark on Sales, 299, 300, and cases cited.) The sale to Mrs. MacKenzie by Frank amounted to a complete withdrawal of the offer to sell, which offer had been made without any consideration, and the grantee took the property free from any claim under the contract of lease. (Pomeroy Spec. Perf. (2d Ed.), Sec. 335; Gannett v. Albee, 103 Mass., 372.) Demand for the deposit was not required and no waiver of the condition was alleged in the petition. Waiver of a condition precedent must be alleged so that issue may be taken thereon. (4 Ency. Pl. & Pr., 628.) But it does not appear whether demand was made or not, and it certainly was not incumbent on the defendants below under the issues to prove demand. The defendant in error did not take possession by virtue of the agreement, and yet she was and had been for a long time in possession of the premises. But it does not appear that Mr. Frank placed her in possession, and his forbearance in allowing her to remain in possession is not sufficient to constitute a waiver.

With respect to such agreements as the one in question, if they are devoid of mutuality, being mere offers to sell, there must be strict performance by the party to whom the offer is made. (Harding v. Gibbs, 125 Ill., 85; Coleman v. Applegarth, 68 Md., 21; Parry v. Ins. Co., 1 Cin. Sup. Ct., 251; Miller v. Cameron, 1 L. R. A., 554; Pomeroy Spec. Perf. (2d Ed.), Sec. 335; 46 Pac., 426; Kelsey v. Crowther, 162 U. S., 404.)

At the time of the commencement of the suit not one act required to be performed by the defendant in error had been performed by her. The taxes had not been paid, the security had not been deposited, and it appeared that some of the minor agreements of the contract had not been observed.

Frank, the original lessor, was not a necessary party, in view of the conveyance of the property to another party. (9 Ency. Pl. & Pr., 332, 333; 20 id., 414; 14 id., 662; Burrill v. Garst, 19 R. I., 38; Bristol v. Bristol, 34 Atl., 359; Pomeroy Spec. Perf. (2d Ed.), 465, 493; 3 Pomeroy Eq. Juris., Sec. 1405.) The grantee was alone entitled to receive the purchase money, and the tender should have been made to her if to any one. (Richardson v. Hardwick, 156 U. S., 252; Gustin v. Sch. Dist., 34 Am. St., 62; 23 Ency. Law (1st Ed.), 918; Whitaker v. B. R. M. Co., 38 Atl., 289; Ledwith v. Reichard, 52 id., 251.) The tender having been made to the wrong party, equity cannot supply the defect. (King v. Finch, 60 Ind., 420.) The covenant to sell runs with the land, and is binding upon all persons having notice of it who afterwards succeed, by purchase or otherwise, to the estate of the covenantor. (Laffan v. Naglee, 9 Cal., 662; Gear on Landlord and Tenant, Secs. 81, 103; Pomeroy Spec. Perf. (2d Ed.), 465.) Hence it follows that such subsequent purchaser stands, with respect to the estate, in the shoes of the owner, with the same rights and obligations with respect thereto which appertained to him, and the action for specific performance, if sustained at all against the subsequent purchaser, will be sustained, not upon the ground that in making such purchase either the grantor or grantee violated any legal, equitable or moral duty to the lessee, but solely upon the ground that he succeeded to the estate with notice of the lessee's right of purchase and held it subject thereto and charged therewith.

POTTER, JUSTICE.

S. Henrietta Carlile-Kent sued the plaintiffs in error, Abe Frank and Grace E. McKenzie, for the specific performance of an alleged contract for the conveyance of certain lands situated in Crook County entered into by Frank, the grantor of Mrs. McKenzie, and damages for taking and withholding possession of the premises. The

allegations of the first cause of action·are substantially that on April 4, 1901, Frank was the owner of the lands, and on that date entered into a written agreement with plaintiff which is set out *in haec verba;* that thereafter and on the same day plaintiff went into possession of the premises under the terms of the agreement and remained in possession until July 26, 1901, when Mrs. McKenzie forcibly and wrongfully evicted her; that on September 20, 1901, plaintiff tendered the purchase price to defendant Frank and demanded a deed, which was refused; that plaintiff has duly performed all the conditions of the agreement on her part to be performed, and brings the purchase price into court, and offers it to defendant Frank upon his executing and delivering a conveyance according to the contract; and that on April 17, 1901, Frank wrongfully sold and conveyed the premises to the defendant McKenzie, who had full knowledge of the agreement between the plaintiff and Frank.

The second cause of action is based upon the alleged wrongful eviction of plaintiff and the withholding of possession, and charges that the same occurred under the direction of the defendant Frank, and there are certain averments of special damages.

The agreement set out in·the petition, and which was introduced in evidence, is in form a lease·for the period of six months from April 1, containing a clause giving the lessee, the plaintiff below, the right to purchase the premises at any time within said six months upon the payment of five thousand dollars, with interest at the rate of eight per cent per annum. The alleged right to specific performance is based on that clause. The plaintiff as lessee covenanted to pay as rental the taxes on the premises for the current year 1901, to have the fences and buildings in good repair, and not to pasture upon a certain portion of the land desig-·nated as "the bottom pasture" to exceed ten head of saddle and work horses and two milch cows. It was agreed that she should have full use of "back pasture" for her own

stock, and that she should not have the right to turn stock upon the hay meadows, nor be allowed to pasture upon certain specified "ranches." It was also agreed that, in the event she should not purchase the premises within the time granted, one-half of the hay crop and one-third of the other crops raised on the land should belong to the lessor Frank. The lease then concludes with the following provision: "It is further agreed that the party of the second part (the lessee) shall deposit with the party of the first part the sum of five hundred dollars for the faithful performance of this lease, and the payment of the taxes as aforesaid." The paper is signed by both parties.

The answer not only denied the allegations of the petition as to the eviction of plaintiff, but averred that the latter had voluntarily delivered possession to the defendant McKenzie. There was some conflict of evidence on that issue, and the trial court determined it in favor of the plaintiff, expressly finding that on July 26, 1901, Mrs. McKenzie, with the consent and connivance of the defendant Frank, took possession of the premises against plaintiff's consent, and continued to withhold possession; and that plaintiff never voluntarily surrendered it. The point of conflict in the testimony was as to whether or not the plaintiff had voluntarily surrendered possession. Upon that question the finding of the trial court will be accepted, and, so far as material, the fact will be considered as established that Mrs. McKenzie took possession of the premises against plaintiff's consent. It is not denied that she continued in possession. In the view we are constrained to take of the case under the issues and proof, Frank's alleged connection with the act of Mrs. McKenzie in taking possession may not become material, but we deem it proper to say that the evidence totally failed to connect him with that act in any way, unless the fact that he had previously conveyed the land ought to be given that effect, which is at least doubtful. There is not the slightest evidence outside the mere fact of his conveyance that Frank either consented to or aided in

the act of taking possession, or that he even knew of it until after it had occurred.

The remaining material averments of the answer are in substance and effect that the privilege given to the plaintiff to purchase the premises was without consideration; that there was lack of mutuality in the contract for the sale; and that the lease never became operative for the reason that plaintiff (the lessee) failed to make the deposit required by the contract for her faithful performance of the lease and the payment of the taxes, which it is alleged was a condition precedent to the acquirement of any right by the plaintiff under the lease. The reply met these averments, first, by a general denial; second, by alleging that the defendant Frank never demanded that the five hundred dollars mentioned in the agreement be deposited with him, and, third, that said Frank never demanded of the plaintiff that she comply with any or all the terms of the agreement, and never notified plaintiff that she had violated any of such terms.

The case was tried to the court on all the issues, and there was a separate statement of the conclusions of fact and law. Briefly stated, the conclusions of fact were as follows: That plaintiff substantially complied with the terms and conditions of the contract; that she was in possession of the premises prior to and at the time of the execution of the contract, and at the time of the execution of the deed from Frank to Mrs. McKenzie, and until July 26, 1901; that Mrs. McKenzie took her deed with full knowledge and notice of the terms and conditions of the contract set up in the petition; that plaintiff never recognized the validity of the deed to Mrs. McKenzie, but always insisted on her rights under the contract and did not voluntarily surrender possession; that, with the consent and connivance of Frank, Mrs. McKenzie wrongfully took possession against plaintiff's consent and continued to withhold possession; that plaintiff tendered the purchase price to Frank ($5,200) September 20, 1901, within the life of the

contract, and then demanded a deed, and has kept the tender alive by bringing the money into court; that defendant Frank had failed to execute and deliver a deed to plaintiff; that plaintiff had been damaged by the wrongful entry and withholding possession in the sum of one thousand (1,000) dollars. Upon these conclusions of fact and the admissions in the pleadings, the conclusions of law were, to state them briefly, as follows: That the contract was during its term a valid one and obligated the defendant Frank to convey the lands to plaintiff upon a substantial compliance by her with its terms; that the deed to Mrs. McKenzie ought to be set aside, and the title to the lands quieted in the plaintiff; that defendant Frank should be required to execute and deliver a deed to plaintiff; that the defendants are wrongfully detaining possession of the lands from plaintiff, and she ought to recover from defendants her damages in the sum of one thousand dollars.

Thereupon a decree was entered in accordance with the conclusions of law. A motion for new trial was filed and overruled; and the defendants prosecute error, assigning as error the overruling of the motion for new trial and the insufficiency of the findings to support the judgment. The motion for new trial challenged each finding of fact and conclusion of law on the ground of insufficiency of the evidence to sustain it, and as contrary to law, as well as the sufficiency of the evidence to support the judgment, and also various rulings of the court on the trial in the admission and rejection of evidence. Since the submission of the cause the defendant in error died and the cause has been revived in the names of her devisee and legal representatives.

Before discussing the questions involved upon the errors assigned, we think attention should be called to the objectionable method adopted in enforcing the alleged right of the plaintiff to a conveyance. There was no claim that Mrs. McKenzie's deed was without consideration, and there was no necessity of adjudging it void and vacating it, nor

was that theoretically proper. A purchaser of real property with notice of a prior contract to convey the same to another takes it subject to the equitable rights of the original contractor to a completion of his bargain and may be compelled in equity to perform the contract of his vendor; and upon a bill filed by the original vendee against the vendor and such subsequent purchaser, the proper practice is to direct a specific performance of the contract by the subsequent purchaser, in whom resides the legal title. (2 Warvelle on Vendors (2d Ed.), Sec. 735; Waterman on Spec. Perf., Sec. 75; I Tiffany Real Prop., Sec. 110; Pomeroy on Contracts, Spec. Perf., Sec. 465.) In the case of an executory contract for the sale of land, capable of specific performance, upon the principle that equity regards as done that which ought to be done, the equitable estate is considered as vested in the purchaser, unless a contrary intention appears, and the vendor is regarded as holding the legal title in trust for the benefit of the purchaser, while the latter is regarded as the trustee of the vendor for the unpaid purchase money; and anyone thereafter taking a conveyance of the land from the vendor, with notice of the contract, takes it subject to the same equity in favor of the purchaser that controlled the title in the hands of the vendor. (Waterman on Spec. Perf., Sec. 512 et seq.; I Tiffany Real Prop., Sec. 110; Pomeroy on Contracts, Spec. Perf., Sec. 314.) If the court's conclusions as to the respective rights and obligations of the parties under and in view of the contract were correct, the decree should have directed a conveyance by Mrs. McKenzie to the plaintiff, and as everything in this record indicates that the former had paid to Frank for her deed the same amount of money named as the price to be paid by plaintiff, and had become the owner of the property, subject only to the rights of the plaintiff under her alleged contract, the purchase price on deposit in the court should have been ordered paid to her. Or, to overcome any doubt on the subject, the court might have directed an inquiry

to ascertain which of the two parties, Frank or Mrs. Mc-Kenzie, was equitably entitled to the money. The decree as entered not only declared Mrs. McKenzie's deed void, but directed the money paid into court by the plaintiff to be paid to Frank, who, for all that the evidence discloses, had already received the same amount substantially from Mrs. McKenzie, when he conveyed to her.

The defendants tendered the issue of want of considera-tion and lack of mutuality in the contract sought to be specifically enforced, and the errors assigned depend largely upon the contention that the contract is not enforceable by specific performance, for the reason that it lacked both mutuality and consideration. The agreement relied on is expressed in the written contract as follows: · "It is further agreed that the party of the second part shall have the right to purchase the above described premises at any time before the expiration of said six months upon the payment of the sum of five thousand dollars, and the interest on the same at the rate of eight per cent during said time."

The older authorities declare the doctrine that as a pre-requisite to specific performance there must exist both mutuality of obligation and remedy, and, as a general or fundamental rule, that doctrine seems still to be main-tained; but in modern equity practice it has become very much narrowed in its application by the recognition of a number of so-called exceptions, though the exceptions are so thoroughly established that it would seem more accurate to consider them as a part of, or a modification of, the doctrine itself. Where a contract is intended to bind both parties, or where it is of such form or nature that it con-tains mutual executory provisions—that is to say, where both parties have bound themselves or intended to bind themselves by reciprocal obligations, then no doubt the doctrine as to the requirement of mutuality applies; and in such a case, if for any reason one of the parties is not bound, he cannot compel performance by the other. (2 Warvelle on Vendors (2d Ed.), Sec. 739; Pomeroy on

Spec. Perf. of Contracts, Sec. 169.)   But the doctrine is
not applicable to contracts unilateral in form though bilat-
eral in effect, such as bonds and similar obligations, for
contracts of that description are constantly enforced.   (2
Warvelle, Sec. 739.)   Nor does it apply to an optional
contract for the purchase or sale of land that is founded
upon a proper and sufficient consideration.   (Matthews
Slate Co. v. New Empire Slate Co., 122 Fed., 972; Watts
v. Kellar, 56 Fed., 1; Hawralty v. Warren, 18 N. J. Eq.,
124; 1 Warvelle on Vendors, Secs. 125, 126; Pomeroy on
Spec. Perf. of Contracts, Secs. 167-169, and notes.)   In
Watts v. Kellar, *supra,* the United States Circuit Court of
Appeals said:   "When one holding a buyer's option makes
his election to purchase, and tenders the money according
to the terms of the contract, it is the duty of the seller to
accept the price, and execute a deed to the purchaser for
the property; and when one holding an option to sell elects
to make the sale, and tenders a deed, it is the duty of the
buyer to accept the deed and pay the price.   Such contracts
are perfectly valid, and it is now well settled that a court
of equity may decree a specific performance of them."   In
Matthews Slate Co. v. New Empire Slate Co., *supra,* it is
said:   "This court is of the opinion that if two persons
enter into a contract in writing under seal, by which the
one party, in consideration of one dollar, the payment of
which is acknowledged, agrees to sell and convey to the
other party within a specified time certain lands and prem-
ises, on payment by the other party of a specified considera-
tion, such contract is valid and binding, and ought to be
and may be specifically enforced.   The seller has the right
to fix his price, and covenant and agree that on receiving
that price within a certain time he will convey the premises,
and if within that time the purchaser of the option tenders
the money and demands the conveyance he is entitled to it.
To hold otherwise is to destroy the efficacy of such con-
tracts and agreements."

There is abundant authority sustaining the proposition
that an agreement by one party to sell and convey land to

another for a stated price, if given upon a proper consideration, may be specifically enforced upon an acceptance and tender of the price within the time allowed by the contract; and it is not a valid objection in such case that prior to acceptance and tender no obligation rested upon the option holder to purchase. "And it is now well settled that an optional agreement to convey, or renew a lease, without any covenant or obligation to purchase or accept, and without any mutuality of remedy, will be enforced in equity, if it is made upon proper consideration, or forms part of a lease or other contract between the parties that may be the true consideration for it." (Hawralty v. Warren, 18 N. J. Eq., 124; 21 Ency L., 928; Waterman on Spec. Perf., Sec. 200; 1 Warvelle on Vendors, Secs. 125, 126; Pomeroy on Spec. Perf. of Contr., Secs. 167-169; Guyer v. Warren, 175 Ill., 328; Wilcox v. Cline, 70 Mich., 517; Ross v Parks, 93 Ala., 153; Hall v. Center, 40 Cal., 63.) Waterman, in the section cited, states that it is doubtful if such an agreement should be called an exception to the general rule as to mutuality, since it is in fact a conditional contract, and when the condition has been made absolute by a compliance with its terms, the contract becomes mutual and capable of enforcement by either party. (See also 2 Warvelle, Sec. 739.)

Such an agreement, that is, an optional agreement to convey made upon proper consideration, or forming part of a lease or other contract that is in fact the consideration for it, cannot be revoked by the vendor within the period granted for the exercise of the option. (Authorities, *supra.*) But a mere proposal without consideration creates no obligation unless accepted according to its terms, and it may, therefore, be withdrawn at any time before acceptance; though if such an offer is allowed to remain open until accepted, it will become a binding contract. When the option given upon a consideration is accepted within the time allowed, and according to its terms, the offer and acceptance constitute a contract of sale, and the same result

flows from the acceptance of an offer without considera-
tion, if accepted before the offer is withdrawn or revoked.
(1 Warvelle on Vendors, Secs. 125, 126.)   An agreement
in a lease granting the lessee the privilege of purchasing
the premises within a stated period upon specified terms
is regarded as a continuing offer to sell which may not be
revoked during the period within which the agreement per-
mits the option to be exercised.   (Id.)   In such case where
no other consideration is stated or shown the lease itself,
with the affirmative covenants of the lessee, is usually con-
sidered as a sufficient consideration for the agreement to
sell and convey at the lessee's option.

Now, in the case at bar the optional agreement does not
recite a consideration, but it is contained in a written con-
tract signed by the parties, and it is maintained on the
part of defendants in error that the contract being a lease
of the premises constituted a sufficient consideration for
the agreement to convey, and it seems to be relied on as
the sole consideration.   On the other hand, it is contended
that the contract never took effect or became operative as
a lease or for any other purpose, for the reason that the
plaintiff neglected to perform a condition precedent to its
operation, viz: the agreement to deposit five hundred dol-
lars as security for her faithful performance of the lease,
and the payment of the taxes.   Hence it is insisted that the
paper did not amount to a lease, and could not, therefore, be
regarded as a proper consideration for the optional agree-
ment; and that the lessor, Frank, revoked the agreement
by the sale and conveyance of the premises to his co-defend-
ant, Mrs. McKenzie, which fact was brought to the knowl-
edge of the plaintiff shortly thereafter, and before any
acceptance on her part of the privilege of purchase.

It becomes important, therefore, to consider the character
of the agreement to make the deposit, and whether the
failure to do so rendered the lease ineffective.   There is no
dispute upon the facts as to the deposit.   It was neither
made nor offered at any time, but, on the contrary, the

plaintiff stated, after her eviction and when her attention was called to her neglect to comply with her agreement to secure her performance of the terms of the lease by making a deposit of five hundred dollars, that she repudiated that part of the contract.

Conditions precedent are to be strictly complied with. Such a condition is one that must happen or be performed before the estate dependent upon it can arise or be enlarged, while a condition subsequent defeats the estate in case it does not happen or is not performed. In determining whether a particular provision amounts to a condition or not, the rule is that the intention of the grantor governs; such intention is to be gathered from the whole instrument and the existing facts. The authorities lay down the principle that whether a condition is precedent or subsequent depends upon the intent of the parties, as collected from the whole contract, whatever the order in which they are found, or the manner in which they are expressed, although certain words are customary when a condition rather than a covenant is intended. But it seems that the same words may be employed to create either a covenant or a condition.

The words employed in the beginning of the instrument are words of present demise. It reads: "This article of agreement made and entered into this 4th day of April, 1901, by and between Abe Frank, party of the first part, and S. Henrietta Carlile-Kent, party of the second part, witnesseth: That the party of the first part has this day leased to the party of the second part the following described lands (description) for a term of six months from April 1st, 1901, and the party of the second part agrees to pay as rental of said premises the taxes on the same for the current year 1901." Then follows the clause giving the privilege of purchase, and following that are the other agreements as to the use of the premises, and the instrument then concludes with the agreement for the deposit that is quoted in an earlier part of this opinion.

The deposit was required for a specified purpose, viz: to secure the faithful performance by plaintiff, the lessee,

of the lease, and the payment of the taxes. She had agreed to keep the fences and buildings in repair, to refrain from pasturing stock upon certain designated lands, and to limit her use of the premises in other respects; and the only rental was to be the taxes for the year, and a certain portion of the crops, should she not exercise the option of purchase. Now, we know, as the parties doubtless also knew, that the taxes would not become due or payable until a very short time before the expiration of the lease. The statutes require the tax list to go into the hands of the collector by the third Monday of September; and the taxes would not become delinquent until the last day of December. Indeed, the amount of the taxes could not have been ascertained until September. Here, then, is to be perceived a substantial reason for the requirement of security in advance. A reason is also to be found in the nature of the covenants of the plaintiff respecting the use to be made of certain parts of the premises, as well as to the keeping of the improvements in repair. This would all indicate that the agreement for the security was intended as a condition rather than a mere covenant. Moreover, as a covenant it would have added nothing substantially to the contract. The damages that might be recovered upon its breach could not have exceeded the damages sustained by a breach of the covenants which it was intended to secure; and those damages would be as capable of recovery by assigning and proving a breach of the principal covenants. The very nature of the provision would seem to stamp it as a condition precedent. There would be little necessity for requiring security by a deposit of money after the time for performance of the lease had expired, and the lessee had enjoyed on her part all its benefits. As no time for making the deposit was stated, doubtless a reasonable time would be implied, and had the lessee been out of possession, a tender of the security and demand for possession within a reasonable time might no doubt have entitled her to possession under the lease. But no such question arises here.

It was clearly proven, and so found by the court, that she was in possession at and prior to the making of the contract. There is nothing in the evidence to show that Frank did any act toward placing her in possession; nor is the title or right under which she had been in possession disclosed, except, perhaps, it may be inferred from a circumstance to which we shall have occasion to refer. There is no question of waiver of the condition which we are permitted to consider. The pleadings set out a full compliance with all conditions; and the judgment of the court was based upon a finding that they had been substantially complied with. The reply indeed alleges that Frank did not demand the deposit; but he was not required to do so. There is no showing, however, as to that averment. The evidence is silent as to whether or not such a demand was made. But when the plaintiff was charged with failing to furnish the security, she responded by saying that she repudiated that agreement. It is not disclosed, moreover, that Frank did anything toward recognizing the possession of the plaintiff, after the making of the contract, or that he did any act in relation to the property, except to sell and convey it to Mrs. McKenzie on April 17. And after that the record is silent concerning him until his refusal of the tender of the purchase price, September 20, except that he appears to have been present at an interview between the plaintiff and Mrs. McKenzie, and their attorneys, after plaintiff had been evicted from the premises. But we think the question of waiver is not the case now before us. The trial court made no finding in that respect, and such an issue is not presented by the pleadings. The above facts have been adverted to for the purpose of showing that nothing appears even by the subsequent conduct of Frank to indicate an intention to treat the agreement for security as anything other than a condition precedent to any right of the plaintiff to the premises under the lease.

Similar provisions have, so far as we have been able to discover, been held to amount to conditions precedent. In

the English case of John v. Jenkins, 1 C. & M. (Exch.), 227, the lease there before the court contained words of present demise: "He, the said Esau Jenkins, lets this farm to David Jones," &c. But the following clause was contained in it: "David Jones is to give two sureties to answer for the rent." The court said that the provision as to sureties was very important, and showed that the instrument was never intended to operate as a lease at all events, but to operate as an agreement only; and that it was not to so operate except security should be given for the rent by two sureties on the part of plaintiff. And as no sureties were given, the instrument was, for that reason, as well as others unnecessary to mention, held to be without effect, and the plaintiff's possession was held to have been under the terms of a previous tenancy. In that case the plaintiff was in possession as tenant under a former agreement when the one in controversy was entered into.

In McGaunten v. Wilbur, 1 Cowen, 257, a house was hired on October 31, for six months from the 1st day of November following, for which the hirer agreed to pay $150; fifty dollars to be paid in advance, and the residue to be secured by a bill of sale of his furniture in the nature of a mortgage. At the time of the hiring the hirer mentioned that he would not want possession for a fortnight. On the 3d of November the owner of the house, not having received the advance payment or security, rented it to another tenant. A few days later the first party tendered the fifty dollars and bill of sale and demanded possession. It was held that as the tenancy under the agreement was to commence November 1, and the advance payment had not been made on that day, nor the security given, the owner had the right to consider the contract at an end, and let his house to any other person. To the same effect are the following cases: Andis v. Personett, 108 Ind., 202; Hard v. Brown, 18 Vt., 87. (See also Cassitys v. Robinson, 8 B. Mon., 279; Stanton's Adm'r. v. Brown, 6 Dana (Ky.), 248; Burlington & M. R. R. Co. v. Boestler, 15 Ia., 555.)

It is impossible, therefore, to construe the provision in question as anything other than a condition precedent, and hence until performed the instrument was only an agreement for a lease, but, not having been performed, the lease did not become effective, or binding upon the owner of the premises, and cannot be regarded as constituting a consideration for the optional agreement to convey. There is nothing in the fact of plaintiff's possession to change the situation. She was in possession at and before the signing of the contract, and there is no proof that Frank delivered possession to her. It is not perceived, therefore, upon what ground such possession can be regarded as imparting vitality to the lease. In the absence of any other showing, she would be but a mere tenant by sufferance. (R. S., Sec. 2772.) The taking and keeping possession by the plaintiff, without more, was clearly not a part performance of the contract on her part. Possession is what she contracted to receive, not to give, and there is no opportunity or foundation in this case upon the record for the application of the principle that when a party has voluntarily accepted the benefits of part performance he may be precluded from insisting upon the performance of the residue as a condition precedent to his liability to pay for what he has received. No doubt had the lessor put the lessee in possession, that act might have indicated an intention not to treat the agreement for security as a condition precedent; and possibly the same intention might have been gathered from affirmative acts of the lessor in recognition of the possession and an existing tenancy under the contract. But there is no evidence of such acts on Frank's part. The evidence does disclose a notice served upon the plaintiff in the early part of July by Mrs. McKenzie which seems to recognize in a way that plaintiff was holding under the lease, but asserted that she had not complied with its terms, and that the giver of the notice reserved the right to declare the lease forfeited. But Mrs. McKenzie was not a party to the contract, and we do not understand that she could by recog-

nizing the lease at that time and in that manner render it effective so as to make the obligation to convey binding upon Frank, her vendor. There is nothing to show that the latter advised or consented to the notice or knew of it, and hence it can hardly be deemed persuasive of an intention on his part, or of the parties to the contract, to consider the contract as a present demise and the provision as to security. as a mere covenant.

We are constrained, therefore, to hold that the finding of substantial compliance with the terms of the contract is not sustained by the evidence. No doubt the contract was valid so far as effective, and the agreement to convey upon payment of the specified price, although without consideration, obligated Frank to make the conveyance had there been an acceptance and tender before a revocation on his part. But as his promise was, so far as the record discloses, without consideration, it was his privilege to revoke it at any time previous to acceptance. And the sale and conveyance of the property to Mrs. McKenzie, which does not appear to have been otherwise than in good faith and for a valuable consideration, and which was brought to the knowledge of the plaintiff before any attempted acceptance of the option, amounted to a sufficient revocation. (Dickinson v. Dodds, 2 Ch. Div., 463; Coleman v. Applegarth, 68 Md., 1 (6 Am. St., 417); Little v. Thurston, 58 Me., 86; Warren v. Richmond, 53 Ill., 52.)

There was no apparent attempt on the trial to show, nor is it now suggested, that the optional agreement was based upon any other consideration than the lease. There is a fact disclosed by the evidence that seems to point to the probability of an executed consideration independent of the lease. The plaintiff introduced in evidence a warranty deed of the same date as the contract in question, whereby it appears that the plaintiff conveyed the identical premises to the defendant Frank, in which the consideration is stated to be. five thousand dollars, and it is shown that plaintiff had before that date been in possession of the property.

But the deed is not in any way explained, nor is there any proof that it formed a part of the transaction out of which grew the optional agreement. Had the agreement of Frank to subsequently convey the premises to plaintiff at her option been made in consideration of her conveying the property to him, and as a part of the same transaction, we are inclined to think that it would have been competent for plaintiff to have shown that fact, and that it might have rendered the optional agreement binding for the period in which the option was permitted to be exercised, notwithstanding that no right of possession was acquired under the lease because of the failure to furnish the required security. It is true that in her testimony plaintiff speaks of her right to "repurchase" the property. But there was no attempt to show that she obtained or contracted for that right at the time she executed her deed or as a part of that transaction. Counsel for plaintiff asked her when she was on the witness stand to state the conversation between herself and Frank at the time she "signed this deed," and, upon objection being interposed, counsel stated that the proof was offered particularly in support of the second cause of action to show that Frank did not intend to comply with his agreement, and to show malice and wrongful acts on the part of both defendants. The objection was sustained and the proof offered excluded. The deed and the conversation at the time, therefore, do not seem to have been offered as proof of consideration for the optional agreement. And as the deed and contract were not connected by the evidence, we are not at liberty to supply the omission by inference, if indeed there was any omission. It is not our privilege to assume that they were related. It may be that the agreement sought to be enforced was an after thought and entered into after the transaction resulting in the conveyance of the property to Frank had been entirely closed. There is nothing in the findings of the trial court to indicate that any reliance was placed upon the deed.

It follows from our conclusions as to the contract relied on under the pleadings and evidence that the District Court erroneously found it to be obligatory upon the vendor, Frank, during its term, and to be binding upon him to convey the property upon the tender by plaintiff of the purchase price, in September, when the tender was made. As the cause must be remanded for new trial, it will be proper for us to say that we do not coincide with the contention of counsel for plaintiffs in error that the tender was made to the wrong party, assuming that the agreement to convey was then in force. Mrs. McKenzie was not a party to the contract. Frank's conveyance to her would not have released him from his obligations to perform the contract had it been incapable of revocation on his part. The doctrine of specific performance of contracts for the sale and purchase of land is said to mainly depend upon the principle of the transmission by the contract of an equitable estate, and the impressing of a trust upon the legal estate for the benefit of the vendee; and a subsequent purchaser from the vendor with notice of the previous contract stands, in equity, in the place of his vendor, and is as much a trustee as he was; and, therefore, he may be compelled to specifically perform his vendor's contract by conveying the legal title to the first purchaser. (Waterman on Spec. Perf., Sec. 512.) The object of the tender was to exercise the claimed option within the time limited, and to show an acceptance of the option according to its terms; and, under the circumstances of this case, had the option been a subsisting one, we are of the opinion that the tender was properly made to Frank, who had entered into the covenant to convey; and thereupon both Frank and his grantee, Mrs. McKenzie, would have become bound to make the conveyance. (Sizer v. Clark (Wis.), 93 N. W., 539.)

It further follows that the court erroneously awarded the plaintiff damages for the withholding of possession from her from the time of her eviction up to the date of

the decree. Not having performed the condition precedent to her right of possession under the lease, she could not lawfully retain it. Even had there been shown an independent consideration for the agreement to convey, she would not have been entitled to possession in consequence merely of such an option in the absence of an express stipulation to that effect, until at least she had made the tender and demanded a deed. (2 Warvelle on Vendors (2d Ed.), Secs. 891, 958.) It is evident that the damages were awarded upon the second cause of action on the theory that both defendants had wrongfully and maliciously dispossessed the plaintiff and used and occupied the premises. Upon that theory, as already indicated, we think it doubtful if there was a sufficient showing to hold Frank accountable for the acts of his co-defendant. But, as the case must go back upon other grounds, it is not necessary to express a decided opinion upon that question; and for obvious reasons it is not necessary to consider whether, had the optional contract been shown to be binding and incapable of revocation by the vendor during its term, Frank would have been liable in damages for plaintiff's loss of possession after the tender, upon the theory that after tender she became, in equity, the owner and thereafter entitled to possession, or the rents and profits, and that a court of equity, in order to adjust the rights of the parties in furtherance of justice, might, in an action for specific performance, award damages for deprivation of possession. (See 2 Warvelle on Vendors, Sec. 958; Waterman on Spec. Pref., Sec. 519; Worrall v. Munn, 38 N. Y., 137; Cole v. Tyson, 8 Ired. Eq., 170.)

For the reasons stated the judgment will be reversed, and the cause remanded for new trial. *Reversed.*

CORN, C. J., and KNIGHT, J., concur.